Nov. Term,
1857.

LACKEY
v.
HERNBY.

*J. D. Howland,* for the appellant (1).

*J. Ryman, S. W. Parker* and *J. C. McIntosh,* for the appellee.

(1) Mr. *Howland* cited the following authorities : That the demurrer does not come within any of the statutory causes. *Lane* v. *The State,* 7 Ind. R. 426.—*Collins* v. *Nave* [*ante,* 209]. The common-law doctrine is that the statute of limitations must be pleaded, although the declaration state the promise to have been made above six years before the title of the declaration. 2 Chit. Pl. 939, *in notis.*—1 Saund. 283, n. 2.—2 *id.* 63, n. 6.—Ang. on Lim. 312, 313. The analogy between the cases is strong. This case is also within the spirit of *Wood* v. *Thomas,* 5 Blackf. 553; *Reeves* v. *Andrews,* 7 Ind. R. 207. *Parker* v. *Henderson,* (1 Ind. R. 62,) has no application.

Suppose the appeal to have been taken after the expiration of the thirty days, &c., that irregularity might be waived; and it is waived if the appellee does not move to dismiss. *Maxam* v. *Wood,* 4 Blackf. 297.—*Dougherty* v. *Mason, id.* 432.—*Humble* v. *Williams, id.* 473.—*Thompson* v. *Wilson,* 1 *id.* 358. See, also, *Rock* v. *Gordon,* 6 Blackf. 192.

---

LACKEY *v.* HERNBY, Administrator.

A point not made in the Court below cannot be raised in this Court.

Where the overruling of a demurrer to a bill to revive a decree was assigned for error, *held,* that the assignment would not be noticed, because the grounds of demurrer were not pointed out in the appellant's brief.

*Thursday,*
*December* 3.

APPEAL from the *Wayne* Circuit Court.

*Per Curiam.*—This was a bill in chancery to foreclose a mortgage. *Lackey,* who was the defendant, filed an answer and cross-bill, to which the then complainant, *John Hernby,* excepted. The exceptions were sustained; and

the defendant failing to make further answer, a final decree was given against him.   After this, *John Hernby*, the original complainant, died, and his administrator, the present appellee, filed a bill in the *Wayne* Circuit Court to revive the decree.   To this bill there was a demurrer overruled, and a decree of revivor entered, &c.

The errors assigned are these:   1. The Court erred in sustaining exceptions to the answer and cross-bill.   2. In overruling the demurrer to the bill of revivor.

In support of the first assignment of error, it is argued that objections to the sufficiency of a cross-bill must be taken by demurrer, and not by exception.   We are not inclined to notice this objection to the decree, because the point which it involves was not made in the Court below. Nor can we notice the second assignment, for the reason that the grounds of demurrer are not pointed out in the appellant's brief.

We have, however, carefully examined the record, and are decidedly of opinion that the merits of the cause have been fairly determined in the Court below.

The judgment is affirmed, with 3 per cent. damages and costs.

*J. S. Newman* and *J. P. Siddall*, for the appellant.