————o————

## WATTS v. GREEN and Another.

PRACTICE.—Motion for Judgment on Verdict.— Waiver.—Where a new trial was granted to the plaintiff upon the payment of costs within a prescribed period, and, without sufficient excuse for the failure, such costs were not all paid in the time allotted; it was held, that the defendant did not waive his right to judgment on the verdict by consenting to continuances and issuing a subpoena after the expiration of such period, believing the costs had been paid.

SAME.—Replevin.—Judgment.—General verdict for the defendant in replevin

and judgment thereon for the return of the property. No exception was taken to the nature of the judgment.

*Held,* that an objection to the judgment, on the ground that the verdict did not find the value of the property, could not be raised in this court.

SAME.—*Supreme Court.*—The general rule is, that a question must have been raised below before it can be presented in the Supreme Court.

APPEAL from the Ohio Circuit Court.

FRAZER, J.—This was an action of replevin by the appellant against the appellees. Issues were formed, upon trial of which a general verdict for the defendants was returned. A new trial was thereupon granted to the plaintiff, upon the payment of costs in sixty days. This was at the August term, 1862. At the next term, and at each succeeding term until that of February, 1866, the cause was continued by agreement. At the last mentioned term, the defendants moved for judgment on the verdict, it appearing that the costs had not been paid. This motion was sustained, and the plaintiff excepted. Judgment was thereupon entered for the return of the property, and there was no exception thereto. Affidavits and evidence submitted on both sides, upon the hearing of the motion for judgment, disclosed nothing to excuse the non-payment of costs within the sixty days limited by the court. A mistake was first made by the clerk in stating the amount of costs to the plaintiff. The amount thus erroneously given was paid within the time. But notice of the error was given in time to have enabled the plaintiff to pay the balance within the sixty days, and he neglected to pay it, though it was paid after the motion was entered. The defendants consented to the various continuances, supposing that the costs had been paid, and had issued a subpœna for witnesses, returnable to the February term, 1866.

The appellant contends that the appellees, by consenting to the continuances and issuing the subpœna, waived their right to demand judgment upon the verdict. We are unable to concur in that opinion. There is no similarity between the case in hand and one where a discontinuance

has been suffered.   In that case a subsequent appearance waives the discontinuance.   A discontinuance does not entitle the defendant to final judgment on the merits, like a verdict, but the plaintiff may bring a new suit; and a voluntary appearance would be a waiver of process, or. of defects in the process.   A discontinuance is a thing to be insisted upon, or no advantage results from it, if there be a subsequent appearance; but if a verdict stands, the court renders judgment of its own motion.   It is further objected, that the court erred in rendering judgment for the return of the property, inasmuch as the verdict did not find its value.   This question is not in the record, as no objection was made below to the nature of the judgment.   The exception reserved was only to the opinion of the court determining that the defendants should have judgment upon the verdict.   The general rule is, that a question must have been raised below before it can be presented here.

The judgment is affirmed, with costs.

*D. S. Major*, for appellant.