SUTHERLAND and Another *v.* VENARD and Another.

PRACTICE.—*Failure to Reply.— Waiver.*—It is a settled rule of practice in this State, that where the defendant takes no steps, before trial, to compel a re-

ply to an answer, and does not ask for a judgment for want of a reply, but voluntarily goes to trial, he thereby waives the reply, and is regarded as consenting to go to the proof of the answer as if denied.

Costs.—In an action for causing the water of a stream to flow back upon the plaintiff's mill property, by the erection of a dam by the defendant, the plaintiff recovered ten dollars damages.

*Held*, that the plaintiff was entitled to recover full costs.

APPEAL from the Pulaski Circuit Court.

ELLIOTT, J.—Suit by the appellees against the appellants. This complaint alleges, that the appellants, by the erection and maintenance of a dam across Mill creek, caused the water thereof to flow back to and upon the mill property of the appellees, situated on the same stream, a short distance above said dam, &c. An answer was filed, consisting of five paragraphs. A separate demurrer was sustained to the fourth and fifth paragraphs, and the appellants had leave to amend them.

They subsequently filed a single paragraph, which commences thus: "For further and amended answer herein defendants say that," &c. A reply was then filed, as follows: "The plaintiffs for reply to the defendants' answer herein, specifically deny each and every allegation therein, and each and every paragraph thereof contained.

"WICKERSHAM and E. WALKER,

"Att'ys for pl'ffs."

A trial by jury resulted in a finding and judgment for the plaintiffs for ten dollars and costs. The appellants excepted to the judgment for costs.

It is claimed by the appellants that the trial was had without any reply being filed to the second and third paragraphs of the answer, and they insist on a reversal for that reason. No such question was presented to the lower court, either before or after verdict, and it is too late to present it for the first time in this court. Indeed, it is the settled rule of practice in this State, that where the defendant takes no steps before trial, to compel a reply to an answer, and does not ask for a judgment for want of a reply, but voluntarily

goes to trial, he thereby waives the reply, and is regarded as consenting to go to the proof of the answer as if denied. *Preston* v. *Sandford's Adm'r,* 21 Ind. 156; *Shirts* v. *Irons,* 28 Ind. 458; *Ringle* v. *Bicknell, ante,* p. 369. But in this case the reply is specifically directed, by its own unequivocal terms, to each and every paragraph of the answer.

It is true, the clerk, after copying the reply into the record, follows it by the statement, "to amended fourth and fifth paragraphs of answer." The reply filed, however, must be allowed to speak for itself, and cannot be limited in its application by a mistake of the clerk.

The judgment for costs is complained of, and the appellants seem to base their objection on the ground that the title to real estate did not come in question. We need not decide that question. It is declared by statute, that "in all civil actions the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law," 2 G. & H. 225, sec. 396; and the 398th section, p. 227, provides, that "in all actions for damages solely, not arising out of contract, if the plaintiff do not recover five dollars damages, he shall recover no more costs than damages, except in actions for injuries to character and false imprisonment, and where the title to real estate comes in question." We are not aware that this section has been repealed or modified. Here the action was for damages solely, and did not arise out of contract, and the plaintiffs having recovered more than five dollars damages, they were entitled to a judgment for full costs.

The judgment is affirmed, with ten per cent. damages and costs.

*D. P. Baldwin,* for appellants.

*G. T. Wickersham, S. E. Perkins, O. F. Baker,* and *S. E. Perkins, Jr.,* for appellees.