## O'Brien *v*. Peterman.

JUDGMENT.—*Form of.*—*Supreme Court.*—When a judgment erroneously directs the sale of property without relief from valuation laws, an objection on this ground to the form of the judgment cannot be raised for the first time in the Supreme Court.

APPEAL from the Ripley Common Pleas.

DOWNEY, J.—Two errors are assigned in this case; first, that the complaint does not state facts sufficient to constitute a cause of action; second, that the court erred in directing the sale of the attached property without relief from valuation laws.

The first paragraph of the complaint is based on this agreement:

"January 18th, 1866.

"Article of agreement entered into between William O'Brien and John Peterman. The said William O'Brien agrees to get out, or cause to be got out, two hundred thousand good, merchantable whiskey barrel staves and heading to match them, the said staves and heading to be delivered at the town of Poston, between now and November next, and for the same the said Peterman is to furnish fourteen hundred dollars for the half of the profit over fourteen dollars per thousand. The said Peterman is to advance as follows: five hundred dollars down, and the balance along as the said O'Brien wants it, between now and the first day of August next; and further, the said Peterman has the selling of the staves any time within a year, when he thinks he can do the best with them.            WILLIAM O'BRIEN.

JOHN PETERMAN."

It is alleged in the complaint by the plaintiff that he paid to the defendant on the contract the sum of fourteen hundred dollars, and that the defendant delivered him but fifty thousand staves, and that the defendant is indebted to him in the sum of seven hundred dollars, for money advanced

O'Brien *v*. Peterman.

and damages on said contract, for which he asks judgment. The suit was commenced on the 6th day of March, 1868.

We think this paragraph of the complaint was sufficient.

The second paragraph of the complaint is for personal property sold and delivered, and is in the usual form. We see no objection to it.

The form of the judgment was amendable in the common pleas, and no application to correct it, or any objection to it, appears to have been made in that court. The objection cannot be presented here for the first time. *Ebersole* v. *Redding*, 22 Ind. 232, and the cases there cited; *Watts* v. *Green*, 30 Ind. 98.

The judment is affirmed, with five per cent. damages and costs.

*O. P. Ferris* and *H. T. Lipperd*, for appellant.

*S. M. Jones*, for appellee.