WILLEY v. THE STATE.                    52    421
                                         e170   646

CRIMINAL LAW.—Practice.—Statement of Case to Jury.—In a criminal action, after the prosecuting attorney had, at the proper time, stated the case to the jury, the defendant's attorney asked leave to be allowed to reserve the statement of the defendant's defence until the State had offered the evidence for the prosecution; but the court ruled that he must then state the defendant's defence, or not at all, and refused to allow him to reserve such statement until after the evidence for the prosecution had been offered and to then make the statement; but there was no offer made, after the prosecution had closed, to make a statement of the defence.

Held, that this ruling was erroneous. (BIDDLE, J., dissented, holding that

the defendant waived his right to make such statement by not making his offer at the proper time, which was after the introduction of the evidence for the prosecution.)

From the Carroll Circuit Court.

*H. C. Thornton* and *A. H. Dame*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

BIDDLE, J.—The appellant, Sylvester Willey, and Sarah Willey were indicted in the White Circuit Court for the murder of Mary L. Willey, a pregnant woman, by procuring a miscarriage upon her body. The venue was changed to the Carroll Circuit Court, wherein they jointly filed a plea in abatement to the indictment. A demurrer to the plea in abatement was filed, sustained, and exception saved. A motion to quash was overruled, and exception saved. Joint plea of not guilty. The appellant was tried separately by a jury, and found guilty as charged. His punishment was made imprisonment in the State's prison for the term of twelve years. Motion for a new trial; causes filed as follows:

1. Sustaining the demurrer to the plea in abatement.

2. Overruling the motion to quash the indictment.

3. The verdict is contrary to evidence.

4. The verdict is contrary to law.

5. Not allowing the appellant, on motion made before any evidence was given on the trial, to reserve the statement of his defence until the evidence had been offered in support of the prosecution.

6. Admitting certain evidence, stated, over the objection of the appellant.

7. The insufficiency and uncertainty of the verdict.

8. Giving instructions to the jury.

9. Giving instructions to the jury asked for by the State.

10. Misdirecting the jury during the trial, in giving certain instructions.

11. Misdirecting the jury in giving certain other instructions.

The motion for a new trial and a motion in arrest of judgment were overruled, and exceptions reserved.

The questions of the insufficiency of the plea in abatement, and the sufficiency of the indictment, were settled by this court in a previous case, *Willey* v. *The State*, at the November term, 1875, *ante*, p. 246. We need not, therefore, consider them in this case. The motion in arrest was properly overruled. We can see no ground for it whatever. The first and second reasons assigned are not causes for a new trial. They could not be corrected, if erroneous, by a re-examination of the issues. 2 G. & H. 423.

As a basis of the fifth cause for a new trial, the bill of exceptions states, that after arraignment and plea of not guilty, and after the jury was empanelled, "the prosecuting attorney then stated the case to the jury, and H. C. Thornton, attorney for the defendant, asked leave of the court to be allowed to reserve the statement of the defendant's defence until the State had offered the evidence in support of the prosecution, but the court ruled that he must then state the defendant's defence, or not at all, and refused to allow him to reserve the statement of the defence until after the evidence had been offered in support of the prosecution, and would not allow him to state the defendant's defence after the evidence in support of the prosecution had been offered, and there was no offer made to make a statement of the defence after the prosecution had closed; to which ruling of the court the defendant excepted at the time, and doth now except."

The statute governing trials in criminal cases is as follows:

"Sec. 103. The jury being empanelled and sworn, the trial may proceed in the following order:

"1. The prosecuting attorney must state the case, and offer the evidence in support of the prosecution.

"2. The defendant, or his counsel, may then state his defence, and offer evidence in support thereof.

"3. The parties may then, respectively, offer rebutting testimony only, unless the court, for good reason, in further-

ance of justice, permit them to offer evidence upon their original case.

" 4. When the evidence is concluded, the prosecuting attorney and the defendant or his counsel may, by agreement in open court, submit the case to the court or jury trying the same, without argument, but if the case is not so submitted without argument, the prosecuting attorney shall have the opening and closing of the argument, but he shall disclose in the opening all the points relied on in the case, and if in the closing, he refers to any new point or fact not disclosed in the opening, the defendant or his counsel shall have the right of replying thereto, which reply shall close the argument in the case. If the prosecuting attorney shall refuse to open the argument, the defendant or his counsel may then argue the case, and that shall be all the argument allowed in the case.

" 5. The court must then charge the jury, which charge, upon the request of the prosecuting attorney, the defendant or his counsel, made at any time before the commencement of the argument, shall be in writing, and the instructions therein contained numbered and signed by the court.

" 6. If the prosecuting attorney, the defendant or his counsel, desire special instructions to be given to the jury, such instructions shall be reduced to writing, numbered and signed by the party, or his attorney, asking them, and delivered to the court before the commencement of the argument." Acts 1873, p. 183; Buskirk's Prac. 403.

Under this statute, the majority of the court are of the opinion that the circuit court erred in the above ruling, and that its judgment must therefore be reversed. This conclusion renders it unnecessary for us to examine the remaining errors assigned.

The judgment is reversed; cause remanded, with instructions to grant the motion for a new trial.

The clerk will make the proper order for the return of the prisoner.

BIDDLE, J., dissents. I do not concur in the above opinion. If the appellant desired to state his defence before he offered evidence in support of it, he should have offered to do so after the State had introduced her evidence in support of the prosecution, as the code directs. Acts 1873, p. 183. If, then, the court had denied him the right to do so, the question would have been fairly presented. Not having done so, he should be held to have waived the right. What the court decided before the State had introduced any evidence in support of the prosecution was, at most, but an irregularity, for which the judgment ought not to be reversed. The appellant's motion to reserve the right to state his defence after the evidence for the prosecution had been heard, was no more than reserving the law, and was out of place in time. It did not prevent him from making the motion at the proper time, nor bind the court from granting it at the proper time; and, if an error, it is one which could have been corrected in that court, on proper application, made at the proper time. The appellant, not having made such application, and not having given the court below the opportunity to correct the error, is not entitled to avail himself of it in this court. This principle has been decided again and again. *Prather* v. *Rambo*, 1 Blackf. 189; *Findley* v. *Bullock*, 1 Blackf. 467; *Priddy* v. *Dodd*, 4 Ind. 84; *Coleman* v. *Dobbins*, 8 Ind. 156; *Boggs* v. *The State*, 4 Ind. 463; *Ellis* v. *Miller*, 9 Ind. 210; *Manly* v. *Hubbard*, 9 Ind. 230; *Lackey* v. *Hernby*, 9 Ind. 536; *Wolcott* v. *Yeager*, 11 Ind. 84; *Boxly* v. *Carney*, 14 Ind. 17; *Rowe* v. *Haines*, 15 Ind. 445; *Smith* v. *Allen*, 16 Ind. 316; *Evey* v. *Smith*, 18 Ind. 461; *Gibson* v. *Green*, 22 Ind. 422; *Marcus* v. *The State*, 26 Ind. 101; *Sharp* v. *Flinn*, 27 Ind. 98; *Watts* v. *Green*, 30 Ind. 98; *Hamrick* v. *The Danville, etc., Gravel Road Co.*, 32 Ind. 347; *Sutherland* v. *Venard*, 32 Ind. 483; *Feriter* v. *The State*, 33 Ind. 283; *Irvinson* v. *Van Riper*, 34 Ind. 148.

" The general rule is, that objections which, by any legal possibility, might have been obviated or remedied, if the

objections had been, but were not, urged in the court below, are deemed to have been waived, and cannot be raised for the first time on appeal." Buskirk's Prac. 288.

It seems to me that the remedy for the objection which reverses this judgment was not only within the range of legal possibility, but quite within easy practicability, and should have been applied for in the court below.

The statute provides that the prosecuting attorney "must state the case," etc. The purpose of the mandatory word "must" is very plain, namely, to prevent concealment, and insure a fair trial to the defendant. The language as to the right of the defendant to state his case is, that he "may then state his defence," etc. The directory word "may" leaves it entirely optional with the defendant to state his defence or not. The appellant in this case did not ask the circuit court to be allowed to state his defence at the time the law gives him the right to do so, but now asks this court to reverse the judgment because of his own neglect. So close and literal a construction of a directory statute giving an optional right will render convictions for crime impracticable; and if convictions cannot be obtained simply because the accused neglects or refuses to avail himself of his own rights at the proper time, they will become impossible.

. In my opinion, the judgment should be affirmed.