### CAMPBELL v. COON.

SUPREME COURT.—*Appeal.*—*Practice.*—*Triers of Fact.*—*Exclusion of Evidence.*—Where, on appeal to the Supreme Court, the judgment in a cause is reversed on the ground that certain evidence offered by the appellee and admitted was "incompetent and should have been excluded," it is for the triers of the facts alone, when such cause has been remanded for a new trial, to determine the effect of the exclusion of such incompetent evidence on the ultimate decision of the same.

SAME.—*Weight of Evidence.*—In such a case, it is the duty of the triers of the facts to reconcile the conflicting evidence, and to determine which of the witnesses is the more credible; and if, on appeal to the Supreme Court, there is evidence in the record tending to support the finding or verdict, it will not be disturbed upon the mere weight of the evidence.

SAME.—*Assignment of Error.*—*Exception.*—An objection by the plaintiff in this court, that the judgment below in favor of the defendant was not warranted by the latter's answer, to which judgment no exception was taken in the court below, can not be presented for the first time in the Supreme Court, by an assignment of error.

From the Montgomery Circuit Court.

*J. N. Sims*, for appellant.

*J. C. Suit, J. Wright* and *J. M. Seller*, for appellee.

HOWK, J.—This is the second time, that this action has been before this court. When it was first here, the opinion and decision will be found reported, under its present title, in 51 Ind. 76, WORDEN, J., delivering the opinion.

It was an action by the appellant, as plaintiff, against

Campbell *v.* Coon.

the appellee, as defendant, to recover the possession of certain black walnut saw-logs and trees and lumber.

The appellant's complaint was in two paragraphs.

In the first paragraph, the appellant alleged, in substance, that, on the 1st day of October, 1873, and before and since that day, but before the commencement of this action, at Montgomery county, Indiana, the appellee wrongfully took and carried away, and still wrongfully held and detained from the appellant, one hundred and seventy-five black walnut saw-logs, and sixty black walnut trees, of the aggregate value of five hundred dollars, which were then and there the appellant's property, and of which the appellant was, at the commencement of this action, lawfully entitled to the possession, to the appellant's damage in the sum of six hundred dollars, for which and his costs he asked judgment.

In the second paragraph of his complaint, the appellant alleged, in substance, that he was the sole owner, and lawfully entitled to the possession, of sixty-one black walnut saw-logs, or lumber cuts, which had been lately cut from, and were situated on, the lands of certain named persons, in said Montgomery county, of the aggregate value of two hundred and ninety-five dollars, and which the appellee had wrongfully and unlawfully taken, and then wrongfully detained, from the appellant at said county; that said property had not been taken from the appellant for a tax, assessment or fine, pursuant to a statute, or seized under an execution or attachment against the appellant's property. Wherefore the appellant said, that he was entitled to recover possession of said logs and damages for the taking and detention thereof, and he demanded judgment for such possession and five hundred dollars damages and the costs of the action.

The second paragraph of the complaint was duly verified.

The appellee answered the appellant's complaint by a general denial.

The issues joined were tried by the court, without a jury, and a finding made for the appellee, that he was the owner of the sixty-one black walnut logs, or lumber cuts, described in the second paragraph of the complaint, of the value of two hundred and seventy-nine dollars.

The appellant's written motion for a new trial having been overruled, and his exception saved to such decision, the court rendered judgment on its finding for the appellee, that he was the owner, and entitled to the immediate possession, of said personal property, that the same was of the value of two hundred and seventy-nine dollars, and that he recover of the appellant the costs of this action, taxed, etc.

The appellant has assigned, in this court, the following errors:

1. The court below erred, in overruling his motion for a new trial; and,

2. The judgment of said court for the return of the property, or the recovery by the appellee against the appellant of two hundred and seventy-nine dollars, was not warranted by the appellee's answer.

1. In his motion for a new trial, the appellant assigned the following causes therefor:

" 1st. That the finding, decision and judgment of the court are not sustained by sufficient evidence;

" 2d. That the finding, decision and judgment of the court are not sustained by, and are contrary to, the evidence given in the cause at the trial; and,

" 3d. That the decision and judgment of the court are contrary to law."

The evidence on the trial is in the record by a proper bill of exceptions, from which it appears that the cause was submitted to the court for trial under the following agreement:

" The parties agreed to submit the cause to the court for trial, without the intervention of a jury, on the evidence as recorded in the plaintiff's original and first bill.

of exceptions, filed in this cause January 31st, 1874, *except* so much thereof as the Supreme Court had decided to be incompetent."

Then followed the bill of exceptions referred to in said agreement.

It appears, from the opinion of WORDEN, J., in 51 Ind. 76, on the former submission of this cause to this court, that it was then held, that a written instrument offered by the appellee, and certain oral evidence, in his behalf, of one William P. Yonkey, were " incompetent, and should have been excluded." These were the only points either considered or decided at that time by this court. Of course, no opinion was then expressed by the court, in regard to the effect of excluding this incompetent evidence; but the cause was remanded for a new trial, in order that the triers of the facts might determine that question. If this incompetent evidence were excluded, as it ought to have been, this court could not say, and did not attempt to say, what effect, if any, the exclusion of this evidence would have upon the ultimate decision of this cause. By the reversal of the former judgment, on the ground of the admission of incompetent evidence, it certainly was not decided, as the appellant's counsel claims that it was, that the other evidence in the record entitled the appellant to a judgment in his favor. This court simply decided, that the appellant, by reason of the admission of certain incompetent evidence, ought to have a new trial of his cause.

After the exclusion of this evidence, the cause was submitted for trial on the other evidence remaining in the record. The burden of the issues was on the appellant, and there was a decided conflict in the remaining evidence. It was the duty of the circuit court, as the trier of the facts, to reconcile the conflicting evidence, and to determine which of the witnesses were the more credible. There is evidence in the record which tends strongly to support the finding; and so there would have been, if

the finding had been for the appellant. In such a case, it is well settled, that the finding or verdict will not be disturbed by this court, upon the mere weight of the evidence.

We can not say, that the court below erred in overruling the appellant's motion for a new trial.

2. The second error assigned by the appellant is, that the judgment for the return of the property, or the recovery by the appellee against the appellant of two hundred and seventy-nine dollars, was not warranted by the appellee's answer.

We do not find in the record, that the appellant either objected or excepted to the form or substance of the judgment, in the court below. The question, therefore, was not properly reserved, and it can not be presented for the first time, in this court. *Watts* v. *Green*, 30 Ind. 98; and *O'Brien* v. *Peterman*, 34 Ind. 556.

The judgment is affirmed, at the appellant's costs.