. SMITH *v.* TATMAN.

No. 7238.

PRACTICE.—*Special Finding.*—A special finding of facts, not made at the request of either of the parties nor signed by the judge, can only be regarded as a general finding.

JUDGMENT —*Finding by the Court.—Form of.—Interest.—Appraisement Laws.—Judgment.*—It is not necessary to the validity of a general finding by the court, or the judgment thereon, that the rate of interest upon the sum found due should be expressed in such finding, or that the finding should specify whether such sum is collectible without relief from valuation laws, though they are essential and necessary parts of the judgment.

SAME.—*Exception to Form of.—Practice.—Supreme Court.*—Where there is no exception taken in the court below to the form of the judgment, and no motion made there to correct it, an objection thereto, for the reason that a higher rate of interest than judgments usually bear had been specified by the court in its finding and judgment, can not be raised for the first time in the Supreme Court, on appeal.

From the Fulton Circuit Court.

*D. Turpie, H. D. Pierce, M. L. Essick, G. W. Holman* and *I. Conner,* for appellant.

*J. S. Slick,* for appellee.

HOWK, J.—In this action, the appellee sued the appellant and one William R. R. Tatman, upon a promissory note, of which the following is a copy:

" 85.00.    March 27th, 1876.    One day after date, I promise to pay to the order of W. M. Tatman eighty-five dollars, with ten per cent. attorney's fees if suit be instituted on this note, value received, without any relief whatever from valuation or appraisement laws, with interest at the rate of ten per cent.    The drawers and endorsers severally waive presentment for payment and notice of protest and non-payment of this note.

(Signed,)                            " W. R. R. TATMAN."

Credit endorsed: " April 10th, 1876.    Received twenty dollars."

It was alleged in the appellee's complaint, *inter alia,* that

the note was given by the defendant William R. R. Tatman, for a part of the purchase-money of certain real estate, particularly described, in Fulton county, Indiana, sold and conveyed to him by the appellee; that afterward the said William R. R. Tatman sold and conveyed the said real estate to one Jacob C. Spohn, who had notice before he took his deed that the purchase-money had not been paid to the appellee; that afterward the said Spohn sold and conveyed the said real estate to the appellant, Peter Smith, who had notice before and at the time he took his deed, that his co-defendant, Tatman, had not paid said purchase-money to the appellee; and that the appellant still owned, or claimed to own, the said real estate. The appellee prayed judgment against the defendant William R. R. Tatman, for the amount due on said note, and that the court would decree that he held a lien on said real estate for the amount of his judgment, interest and costs, as against both defendants, and that such lien be foreclosed, and the real estate be sold for the payment of such judgment and costs, and for all other proper relief.

The appellant separately answered by a general denial; and a trial of the cause by the court resulted in a finding that there was due the appellee from the defendant Tatman, the sum of seventy-eight dollars and seventy cents, on the note in suit, which sum was collectible with ten per cent. interest, and without any relief from valuation or appraisement laws; that the note in suit was given for the unpaid purchase-money of the real estate described in the complaint; that the amount found due the appellee was a lien on said real estate; and that the appellant was a subsequent purchaser of said real estate, with notice of said lien.

The appellant's separate motion for a new trial having been overruled, and his exception saved to this decision, the court rendered judgment on its finding.

The only error assigned by the appellant, in this court, is the decision of the circuit court in overruling his motion for a new trial; and the only causes assigned for such new trial were, that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law.

But one point is made and discussed by the appellant's counsel, in their brief of this cause, in this court. Counsel say : " The point we make is, that the finding of the court, as to ten per cent. interest and without the benefit of valuation laws, is not supported by sufficient evidence, or in fact by any evidence, as against the appellant, Smith." The evidence on the trial tended to show, that the appellant knew, before and at the time he bought the real estate, that there was unpaid purchase-money due thereon from his co-defendant to the appellee; but it failed to show, that the appellant had any notice, that such unpaid purchase-money bore ten per cent. interest, or that it was payable without relief from valuation or appraisement laws. The appellant's counsel disclaim, in argument, any intention of objecting in this court either to the form or substance of the judgment below; and, indeed, under the error assigned, such objections are not presented here, and could not properly be insisted upon, even if they were not disclaimed.

But the appellee's counsel claims, and we think correctly so, that the objections urged by the appellant's attorneys, nominally to the finding of the court, can only be regarded, in fact and 'in law, as objections to the form or substance of the judgment below. The finding of the court, in this case, was not a special finding, under section 341 of the code; for it was not made at the request of either party, nor was it signed by the judge. A special finding of facts, not made at the request of the parties or one of them, nor signed by the judge, can only be regarded as a general finding. *Nash* v. *Caywood*, 39 Ind. 457; *Con-*

*well* v. *Clifford*, 45 Ind. 392; *Caress* v. *Foster*, 62 Ind. 145. In the case now before us, the finding of the court was, therefore, a general finding for the appellee. It was not necessary to the validity of either the finding or judgment, that the rate of interest, which the sum found due the appellee would bear, should be expressed in the finding of the court. In section 1 of "An act regulating interest on judgments," approved February 5th, 1873, it is provided that all judgments on contract, thereafter rendered, should bear the same rate of interest expressed in the contract; and that "The court rendering such judgment shall specify therein the rate of interest which the same shall bear." Acts 1873, p. 158; 1 R. S. 1876, p. 600, note 1. But the statute does not provide or require, that the rate of interest shall be specified either in the finding of the court, or the verdict of the jury.

So, also, in regard to relief from appraisement laws, it is provided in section 381 of the code, that, "When a judgment is to be executed without any relief from appraisement laws, it shall be so ordered in the judgment." 2 R. S. 1876, p. 188. But we know of no statutory provision, either directory or mandatory, to the effect that it must be specified in the finding of the court, or in the verdict of the jury, whether or not the debt in suit is payable with or without any relief from appraisement laws.

It follows, therefore, that the matters specified in the court's finding, in regard to the rate of interest and the waiver of relief from appraisement laws, were not essential to the validity of the finding, and might have been omitted therefrom without affecting or impairing, in any wise, the validity of the judgment. While this is so, it is clear, we think, that the matters specified, and complained of in this court by the appellant's counsel, were expressly made, by the statutory provisions above quoted, essential and necessary parts of the judgment rendered in this case.

It has often been decided by this court, that, where there was no objection below to the form or substance of the judgment, and no motion was made there to modify or correct the judgment, such questions can not be raised here, and will not be available for the reversal of such judgment. *Smith* v. *Dodds*, 35 Ind. 452; *Lewis* v. *Edwards.* 44 Ind. 333. This rule or doctrine has been held to be expressly applicable to cases, where the judgment was objected to in this court, upon the ground that it was unlawfully specified therein, that it was to be executed without any relief from appraisement laws. *O'Brien* v. *Peterman,* 34 Ind. 556; *Johnson* v. *Prine,* 55 Ind. 351. We are of the opinion, that the same rule or doctrine should be extended and made applicable to cases, such as the one at bar, in which it may be claimed in this court, without any proper objection or exception in the trial court, that the judgment below was erroneous, merely because a higher rate of interest than judgments ordinarily bear had been specified by the court, either in its finding or in the judgment below.

Our conclusion is, that the point made in argument, by the appellant's counsel, is not presented for the consideration and decision of this court, by his assignment of error here, and affords no sufficient ground for the reversal of the judgment below, in this case.

We ought perhaps to say, that the note in suit in this case did not in terms provide for the payment of any rate of interest, after the maturity of the note. In such a case, it was decided by this court, in the recent case of *Burns* v. *Anderson,* 68 Ind. 202, that, after the note became due, the holder thereof would be entitled to interest thereon merely by operation of law, and not by or under the terms of the contract. Under this decision, the note in suit, after its maturity, bore interest by operation of the statute then in force, " at the rate of six dollars a year upon one hundred dollars." 1 R. S. 1876, p. 599, sec. 2.

See, also, *Brewster* v. *Wakefield*, 22 How. 118; *Holden* v. *Trust Co.*, 10 Otto, 72.

This question was not presented to the court, by the assignment there, as causes for a new trial, of excessive damages, or error in the assessment of the amount of recovery; and the causes for a new trial assigned by the appellant in his motion therefor would not present such question. *Spurrier* v. *Briggs*, 17 Ind. 529; *Floyd* v. *Maddux*, 68 Ind. 124.

Nor has this question been presented to this court for decision, by the appellant's counsel, in their brief of this cause; and we only advert to it now, for the purpose of stating that the question is not before us in this case, and has not been considered or decided in this opinion.

The judgment is affirmed, at the appellant's costs.