Filed Sept. 25, 1885.

No. 12,090.

THE CITY OF EVANSVILLE ·v. MARTIN ET AL.

SUPREME COURT.—*Objections to Pleadings.—Practice.—General Rule.*—It is the rule that if the sufficiency of a pleading is not questioned in the trial court, it can not be assailed on appeal.

SAME.—*Statutory Exception.*—*Complaint.*—An objection may be made to a complaint for the first time in the Supreme Court only because the statute so provides.

SAME.—*Answer Must be Objected to in Trial Court.*—The sufficiency of an answer can not be questioned for the first time by an assignment of error in the Supreme Court.

NEW TRIAL.—*Motion for After Term.*—A motion for a new trial made after the term can not be considered where it appears that there was no agreement or order of court extending the time for filing the motion, and that the finding was not made on the last day of the term.

From the Vanderburgh Circuit Court.

*S. B. Vance, J. S. Buchanan, C. Buchanan, H. C. Good- ing* and *J. B. Rucker,* for appellant.

*A. Gilchrist, C. A. DeBruler* and *C. H. Butterfield,* for appellees.

ELLIOTT, J.—The appellant assigns for error that "The court erred in not rendering judgment for the plaintiff, because the answers of the defendants are not sufficient to constitute a cause of defence to its complaint."

There was no motion for judgment *non obstante veredicto,* nor was there any motion for a judgment on the pleadings in the court below. Here, for the first time, the answer is assailed. There was no attack upon it in the trial court in any form, nor was there any exception to any ruling of the court which involved the question of its sufficiency. Notwithstanding the fact that there was no attack upon the answer in the trial court and no exception in the record to any ruling involving its validity, the appellant contends that its validity may be tested and determined on appeal. With great force of argument and a strong array of authority, counsel for the appellees contest this position.

The current of our decisions has been steadily in favor of the rule that if a pleading is not challenged in some appropriate method in the trial court, it can not be successfully assailed on appeal. This general rule was applied to complaints and prevailed until changed by an express and positive statute. *Johnson* v. *Stebbins,* 5 Ind. 364; *Menifee* v.

*Clark*, 35 Ind. 304; *Newhouse* v. *Miller*, 35 Ind. 463; *Hannum* v. *State*, 38 Ind. 32. The rule has been almost, if not quite, uniformly applied to answers, for the reason that there is no statute permitting such pleadings to be primarily and directly attacked in the assignment of errors. *Roback* v. *Powell*, 36 Ind. 515; *Snyder* v. *Snyder*, 50 Ind. 492; *Campbell* v. *Coon*, 61 Ind. 516; *Crowder* v. *Reed*, 80 Ind. 1, *vide* p. 6; *Shordan* v. *Kyler*, 87 Ind. 38. It is contended by the appellant's counsel that these decisions were made upon a former code, and are not applicable to the present code. The only difference in the two codes is, that the present omits from section 346 the words, " unless the objection be taken by demurrer, it shall be deemed to be waived," which were embodied in section 64 of our former code. We can not concur with counsel in this view. The omission of these words worked no radical change, for, without them, the failure to test the answer in the trial court, in some appropriate method, precluded the plaintiff from making the question of the sufficiency of the answer on appeal for the first time. The spirit of the code, rather than any mere form of words, supported the rule laid down by former decisions, that the failure to attack the answer in the trial court precluded the appellant from assailing it for the first time in this court. In cases far too numerous for citation, extending from the earliest to the latest decisions upon the code practice, it has been held that exceptions to the ruling of the trial court must appear in the record, or this court can not review and reverse its judgment. Time and again has this doctrine been affirmed and in no uncertain terms. The ruling principle of the code is that parties must, except in the single exception of an attack upon the complaint, make their questions in the trial court and reserve timely exceptions. In almost every conceivable shape, the question of what rulings can be reviewed where no exception is reserved has been presented, and it has been invariably ruled that where there is no exception there can be no review, save only in the solitary exception made by

the statute. Of the great number of cases illustrating and enforcing our proposition we cite but a few. *Cupp* v. *Campbell, post,* p. 213; *Wales* v. *Miner,* 89 Ind. 118, see p. 122; *Martindale* v. *Price,* 14 Ind. 115; *Davis* v. *Engler,* 18 Ind. 312; *Sutherland* v. *Venard,* 32 Ind. 483; *Shirts* v. *Irons,* 28 Ind. 458; *Train* v. *Gridley,* 36 Ind. 241; *Trentman* v. *Eldridge,* 98 Ind. 525, p. 527; *Buchanan* v. *Berkshire L. Ins. Co.,* 96 Ind. 510; *Standley* v. *Northwestern M. L. Ins. Co.,* 95 Ind. 254; *Scheible* v. *Slagle,* 89 Ind. 323; *Fisher* v. *Purdue,* 48 Ind. 323; *Roush* v. *Emerick,* 80 Ind. 551; *Hauser* v. *Roth,* 37 Ind. 89. In the case of *Standley* v. *Northwestern M. L. Ins. Co., supra,* we said: "Our statute is very careful to require that parties who desire to save a question upon a ruling must reserve an exception, and in a very great variety of cases the court has given this statute full and strict effect. There is good reason for the rule. The trial court and the adverse party should be informed that the ruling is to be contested, and the appellate court should be enabled to see from the record what rulings were contested in the trial court. Again, parties ought not to be allowed to shift ground and contest in the Supreme Court points not regularly contested in the lower." It was said in *Indianapolis, etc., R. R. Co.* v. *Petty,* 30 Ind. 261, that "The code has very little toleration for the practice of concealing questions from the lower courts with a view to make them available upon vexatious appeals." In one of the earliest of our code cases it was said of one of the sections of the code: "It but inculcates, as does the whole code, that fair, honorable practice which apprises the judge and the opposite party, specifically, on what the party intends to rely in the appellate court; and that too while there may yet be time, if need be, to retrace their steps." *Zehnor* v. *Beard,* 8 Ind. 96. From the earliest to the latest decisions the rule has been, even in criminal prosecutions, that exceptions must be reserved. *Hornberger* v. *State,* 5 Ind. 300.

The rule so strongly declared by our cases stands on solid

principle. Not only is it just to the parties and the trial court to require a party deeming himself aggrieved to make known at the earliest practicable moment his objections to rulings and his intention to bring them in review, on appeal, but it is also demanded by the public interests that he should do so, for such a practice enables the trial court to correct its errors, and thus prevent the expense and vexation of an appeal. Nor is the slightest injustice done to a plaintiff by the rule. He has ample opportunity to make known his objections, and abundant means of reserving all questions, and if he neglects to avail himself of the opportunity and means placed before him, it is his folly, and he has no just cause of complaint; if the purpose of failing to make his objections known to the trial court is to conceal them and make them available on appeal after he has taken the chance of a favorable decision, his course is far from commendable.

If we should hold that an objection to an answer may be made for the first time in this court, we should break down the wise provision of our code requiring exceptions to be reserved, and not only would this be the result of such a holding, but great and almost incurable evil would ensue from the confusion that such a holding would produce. It is the general rule that if an exception is not reserved to a ruling of the trial court, no question is presented on appeal, and to hold that an answer may be here assailed for the first time would produce a conflict that would result in disastrous confusion and destroy the consistency and harmony of our decisions, and break down the rules the code was intended to establish.

The appellant had at least two methods of testing the sufficiency of the answer in the trial court, by demurrer and by motion for judgment on the pleadings. This latter motion, in effect, is a motion for a judgment notwithstanding the verdict, and if counsel are right in their position that the answer is bad, this motion, followed by a proper exception, would have secured their client relief. It is not the fault of the trial court, nor of the adverse parties, that the appellant neglected

to employ the remedies given by law; it was, in truth, the appellant's own fault, and it surely can not reap any advantage from that fault. The law does not favor those who sleep upon their rights.

The cases of *Western Union Tel. Co.* v. *Fenton,* 52 Ind. 1, and *McCloskey* v. *Indianapolis, etc., Co.,* 67 Ind. 86 (33 Am. R. 76), fully support our conclusion that the words omitted from the code of 1852 by the revision of 1881 were not of controlling importance. These cases declared that other provisions of the code of a more material and definite character controlled the subject, and that the clause referred to was ineffective. It is but reasonable to presume that for the reasons given in the cases cited the clause was dropped in the last revision of the code.

These decisions establish the doctrine that the trial court may disregard an immaterial answer, but they place this doctrine upon the provisions of the statute authorizing a judgment upon the pleadings and upon those authorizing a judgment notwithstanding the verdict. They hold that it is the duty of the trial court to find upon the evidence according to the law of the case, irrespective of an immaterial issue; but they do not hold that where the defendant succeeds the plaintiff may attack the answer for the first time on appeal. It is not difficult to perceive the difference between these cases and the one in hand. In those cases the plaintiff did not attack the answer, but did attack the finding upon the evidence; while here the attack is directed entirely against the answer. Here the grievance alleged is that the answer is bad, not that the court disregarded an immaterial answer. That we are not mistaken in the view we have taken of these cases, is evident from the following extract which we make from the opinion in *Western Union Tel. Co.* v. *Fenton, supra:* "But it is claimed by counsel for the appellant that, conceding the paragraph of answer to have been bad, inasmuch as no demurrer was filed to it, but issue was taken on it, and it was proved to have been true in point of fact on the trial, the

court should have found for the defendant, and, therefore, that a new trial should have been granted.    The statute provides that 'unless the objection' (to an answer) 'be taken by demurrer, it shall be deemed to be waived.' 2 G. & H. 92, sec. 64.    And it is claimed that, as objections to the answer are deemed to be waived, it is to be regarded as good, and ·as it was proved to be true in point of fact, the defendant was entitled to a finding and judgment in its favor.    The above provision of the code, however, is very much modified, if not completely abrogated, by a subsequent one, as follows : 'Where upon the statements in the pleadings one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party.' 2 G. & H. 218, section 372.    If the two sections can not stand together, the latter must prevail over the former.    Supposing the paragraph in question had been the only one pleaded to the complaint, thus confessing the complaint, but setting up matter in avoidance, that is no defence whatever to the action.    Notwithstanding a verdict might have been found for the defendant on the issue joined on the answer, the plaintiff would have been entitled to judgment on the pleading, because his complaint would have stood confessed, and no valid matter set up in bar of it.    This result, however, could not follow, if no objection could be urged to the answer, and if it is to be taken as conclusively good in point of law, because no objection was made to it by demurrer.    Now, if a verdict in favor of a defendant on an immaterial issue, thus tendered, would not entitle him to judgment, we think it could not be error on the part of the court trying the cause, as was evidently done in this case, to disregard the issue, and find for the plaintiff, although the immaterial facts thus alleged by the defendant might be proved.    *Freitag* v. *Burke,* 45 Ind. 38."

In the reply brief of the appellant's counsel it is said : "And the proposition on which we rest here is, that this provision having been repealed by the revision of 1881, there is neither rule nor reason why an original objection to the

complaint should be allowed here, but denied to the answer." The answer to this is supplied by the cases we have cited, and that is this: An objection may be made to a complaint on appeal because the statute expressly so provides. But for this statute, as the cases referred to very clearly show, an objection to a complaint could not be made in this court for the first time.

The finding and judgment of the court were entered on the 5th day of January, 1884, and on the 21st day of March following a written motion for a new trial was filed. The motion was not filed during the term, nor was any agreement made extending the time for filing the motion, nor was any order made by the court, nor was the finding made on the last day of the term. It is clear, therefore, that there is no proper motion for a new trial. R. S. 1881, section 561.

The case does not come within the provisions of section 563, as it is not asserted that it was for a cause discovered after the term. We can not look into the evidence, for the reason that there is no motion which properly brings it before us for review.

Judgment affirmed.

Filed Oct. 9, 1885.