## WILLIAMS v. THE STATE.

[No. 21,079.    Filed July 1, 1908.]

1. CRIMINAL LAW.—*Defendant's Opening Statement to Jury.— Time of Making.*—The refusal of the trial court to permit the defendant to make her opening statement to the jury immediately after the opening statement for the prosecution can be reviewed only for an abuse of discretion, the statute (§2136 Burns 1908, Acts 1905, pp. 584, 641, §260) providing for such statement at the close of the evidence for the State.    p. 645.

2. APPEAL.—*Bills of Exceptions.—Instructions.—Evidence.—Criminal Law.*—Where instructions or collateral motions, in a criminal case, are embodied in a bill of exceptions containing the evidence, such instructions and motions will be disregarded, and the bill will be considered valid only as to the evidence, the admissibility thereof, and the competency of witnesses; and this rule was not changed by §2165 Burns 1908, Acts 1905, pp. 584, 648, §289.    p. 647.

From Vanderburgh Circuit Court; *Louis O. Rasch,* Judge.

Prosecution by the State of Indiana against Minerva Williams. From a judgment of conviction, she appeals. *Affirmed.*

*Frank B. Posey,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, E. M. White* and *H. M. Dowling,* for the State.

HADLEY, J.—Appellant was indicted with Wesley and Jonah Williams and found guilty of aiding and abetting said Wesley in the murder of James Leigh. Each of the parties named had a separate trial, and was found guilty of murder in the first degree, and sentenced to imprisonment for life. See *Williams* v. *State* (1908), *ante,* 642; *Williams* v. *State* (1908), *ante,* 630.

The action of the court in overruling appellant's motion for a new trial is the only assignment she has made in this court. She demanded a new trial on the grounds that the verdict was not sustained by sufficient evidence, that the verdict was contrary to law, that new evidence had been discovered, that the court erred in giving certain instructions, and in overruling her motion for leave to make her statement of facts to the jury immediately after the statement by the prosecuting attorney, and before the evidence of the State had begun.

Should appellant's attorney have been permitted to state the facts of her case to the jury immediately following the statement by the prosecuting attorney? Relating to 1. the trial in criminal cases it is provided in the act of 1905 (Acts 1905, pp. 584, 641, §260, §2136 Burns 1908) as follows: "The jury being impaneled and sworn, the trial shall proceed in the following order: First. The prosecuting attorney must state the case of the prosecution, and briefly state the evidence by which he expects to support it; and he shall then offer the evidence in support of the prosecution. Second. The defendant, or his counsel, may then state his defense, and offer evidence in support thereof."

It is thus seen that the orderly way of proceeding in criminal trials, as prescribed by the legislature, is for the accused to remain silent until the prosecuting attorney has

not only informed him and the jury of the facts he expects to prove, but also until after he has offered all the original evidence he has in support of such facts. The defendant being thus reliably advised, in advance, of the nature and character of the evidence to be brought against him, may shape his defense by the knowledge thus obtained, to his great advantage, in many cases. This order is clearly in line with the requirements of the Constitution, because unquestionably fair to the accused. It has been held by this court to be error to require a defendant, over his objection, to state his case to the jury before the evidence on the part of the State has been introduced. *Willey* v. *State* (1876), 52 Ind. 421.

The statute relating to the procedure in criminal cases was, when the case just cited was decided, substantially the same as the one now in force, and before set out. The holding in that case was clearly correct, as the ruling of the circuit court deprived the defendant, over his protest, of a valuable right awarded by the statute. If, however, the court had in that case but granted the request of the defendant, to make his statement immediately following the prosecuting attorney, the case and the ruling would have been very different. The law seldom requires a person to avail himself of his personal rights, and the legislature having defined the order of trial in criminal cases in a way manifestly favorable to the defendant, if the latter, for any cause, requests a change in the statutory order the court may, in the exercise of its sound discretion, reviewable only for abuse, grant the change. *Willey* v. *State, supra;* Gillett, Crim. Law (2d ed.), §889; *Cannon* v. *People* (1892), 141 Ill. 270, 276, 30 N. E. 1027; *State* v. *Bateman* (1879), 52 Iowa 604, 3 N. W. 622; 12 Cyc. Law and Proc., 571, cl. B. But the defendant has the absolute right to present his defense in the order fixed by the statute. While in this case the motion complained of was addressed to the sound discretion of the court, it cannot be said that the court was guilty of an abuse

thereof in requiring the defendant to proceed as the statute provides.

The newly-discovered evidence presented in support of the motion for a new trial was the same as that presented for a similar purpose in the case of *Williams* v. *State* (1908), *ante,* 630. It was found in the latter case, after due consideration, that the new evidence was insufficient to warrant the granting of a new trial, and there appears to us no reason why the former ruling should not govern in this case.

Furthermore, the evidence given in this case, by both the prosecution and defense, is identical with the evidence given by both the prosecution and the defense in the case last cited. In that case, after careful consideration by the court, the evidence was held to be sufficient to support the verdict against Jonah Williams. The reasons are stronger for a similar ruling against appellant, as will appear from an examination of the evidence as set out in the case of *Williams* v. *State* (1908), *ante,* 630, and therefore the facts as applied to this case must be ruled by what was said and held in said former case.

Complaint is made of divers instructions given to the jury, but they are not in the record by a bill of exceptions, and hence, under the repeated rulings of this court, they are not before us in such a way that we can give them consideration. We find what purport to be the instructions complained of appended to, or incorporated in, the original bill of exceptions containing the evidence. It has been held, time and time again, that nothing but the evidence and questions concerning the competency of witnesses and the admissibility of evidence can be brought into the record by an original bill, and when instructions, motions and other matters are found incorporated in such bill, such matters will be treated merely as surplusage, and not as constituting another and separate bill, and not as vitiating the bill so far as the evidence is concerned. It has also been held that the rule thus repeatedly declared

was not changed or modified, as it relates to the bringing of instructions into the record in criminal cases by §289 of the "act concerning public offenses," approved March 10, 1905 (Acts 1905, pp. 584, 648, §2165 Burns 1908). *Donovan* v. *State* (1908), *ante*, 123; *Williams* v. *State* (1908), *ante*, 642; *Mankin* v. *Pennsylvania Co.* (1903), 160 Ind. 447; *Adams* v. *State* (1901), 156 Ind. 596; *Diezi* v. *Hammond Co.* (1901), 156 Ind. 583; *Maynard* v. *Waidlich* (1901), 156 Ind. 562.

We find no error in the record. Judgment affirmed.