FREITAG *v.* BURKE.

PRACTICE.—*Insufficient Answer Proved.*—Where an answer is insufficient, the facts alleged not being sufficient to constitute a defence, the judgment for the plaintiff will not be reversed because the evidence shows such answer to be true.

SAME.—*Motion for New Trial.*—A motion for a new trial, on the ground of evidence being improperly excluded, must indicate what evidence was thus excluded.

EVIDENCE.—It is not error to exclude testimony offered to support an insufficient answer.

From the Marion Superior Court.

*I. Klingensmith* and *C. Coulon,* for appellant.

*A. G. Porter, B. Harrison,* and *C. C. Hines,* for appellee.

DOWNEY, C. J.—This was an action on a promissory note executed by the appellant to the appellee. The defendant, Freitag, pleaded:.

1. The general denial.

2. Payment.

3. No consideration for the note.

4. That the defendant before that time had contracted to build a house for one Seitz, for which building Burke had furnished materials for the foundation; that the defendant had executed the note therefor under a misapprehension that he was bound to pay for the same; but that defendant afterward brought suit against Seitz to recover the amount due for the erection of said house, in which suit it was decreed that Seitz was liable to the plaintiff for and should pay the same.

5. That the note was given by the defendant to the plaintiff for materials furnished by the plaintiff for the erection of a house for one Seitz, which the defendant had contracted to build, but did not finish, and being unable to finish, Seitz discharged the defendant from the contract and received the materials furnished by the plaintiff, and agreed and contracted to pay the plaintiff for the same, and to finish the building himself.

It is not shown that the plaintiff was a party to the judgment mentioned in the fourth paragraph of the answer, nor to the contract set up as a satisfaction in the fifth paragraph. No objection was made, however, to either of those paragraphs of the answer, but the plaintiff replied by general denial to all the special paragraphs of the answer; there was a trial by the court, a finding for the plaintiff, a motion by the defendant for a new trial overruled, and judgment on the finding.

The defendant appealed to the general term of the superior court, where he assigned for error the overruling of his motion for a new trial. In the general term the judgment of the court at special term was affirmed.

The defendant then appealed to this court, where he has assigned as error the affirmance of the judgment by the superior court in general term.

If the court in special term should have granted a new trial, then the court in general term erred in affirming the judgment rendered at special term, and the judgment of affirmance of the general term should be reversed by us. Otherwise the judgment should be affirmed in this court.

The reasons alleged for a new trial were:

1. That the decision of the court was contrary to law.

2. That the decision of the court was not sustained by sufficient evidence.

3. For excluding proper testimony on the trial of the cause, which was excepted to at the time by the defendant.

4. Excluding the testimony of Freitag, Kash, and Coulon, on the trial of the cause.

There does not appear to be any reason for a new trial on the first or second grounds. The note was in evidence without any objection to its introduction. This made a case for the plaintiff. The evidence admitted does not, we think, sustain any of the defences which were well pleaded. As the fourth and fifth paragraphs of the answer were insufficient, the facts therein alleged, if true, not being sufficient to constitute a defence to the action, we could not reverse the judgment, even though the evidence showed such paragraphs to be true. Had these been the only paragraphs of the answer, and had the jury found upon them for the defendant, the judgment should have been for the plaintiff, notwithstanding the verdict, according to 2 G. & H. 218, sec. 372. As the judgment was for the plaintiff, we cannot reverse it, on the ground that the evidence would have justified the jury in finding the truth of such insufficient paragraphs. The third and fourth reasons for a new trial relate to the exclusion of testimony offered by the defendant. As to the third, it does not in any way indicate what testimony was improperly excluded. It has several times been decided that a reason for a new trial complaining of the exclusion of evidence in such general terms is insufficient. Following these rulings, we must hold the third reason alleged too general.

As to the fourth reason, it appears that Freitag, Kash, and Coulon, each and all of them, gave evidence on the trial of the cause. The record does not show that the court excluded the testimony of them or any of them. If any portion of their testimony offered by the defendant was excluded, the motion for a new trial should, under the cases already mentioned, have specified what part of it was excluded. On looking to the bill of exceptions, we find that it was proposed to prove certain facts by the witnesses whose names are mentioned, and that the court refused to receive the evidence. But this offered evidence was to sustain the fourth and fifth paragraphs of the answer in part, and in part to prove facts not alleged in any of the answers. We do not discover any error in this ruling, even if the motion

for a new trial was sufficiently specific, and if this was the testimony in question.

The judgment is affirmed, with costs.