IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1875, IN THE
SIXTIETH YEAR OF THE STATE.

———————◆———————

## The Western Union Telegraph Co. *v.* Fenton.

TELEGRAPH. — *Negligence.* — *Statute.* — *Damages.*— Suit against a telegraph
company to recover damages for negligence of the defendant in failing to
deliver, within a reasonable time, a telegram directed from a place with-
out this State to the plaintiff at a place within this State, because of
which negligence the plaintiff failed to obtain employment as a steam-
boat pilot at certain wages per month, for a trip, and, if he suited, for the
season, he not obtaining employment for some time thereafter, and the
sender of said message not acting as the plaintiff's agent in sending it.
*Held,* that, under our statute, the plaintiff might recover, though the rela-
tion of contractors did not exist between him and the telegraph company.
*Held,* also, that the damages sought by said action were not remote or specu-
lative.
SAME.—*Stipulation for Repeating Message.*—A telegraphic dispatch was sent
under stipulations, agreed to by the sender, providing for repeating mes-
sages at one-half the usual rates in addition, and that the company should
not be liable for mistakes or delays in the transmission or delivery of any
unrepeated message, beyond the amount received for sending the same,
and the sender did not order the repeating of the message, or pay or
offer to pay for repeating it, but paid merely the regular rate.

*Held*, that these facts could constitute no defence to an action brought by the person to whom the message was sent against the telegraph company for negligence of the defendant in failing to deliver the message in a reasonable time, the making prompt delivery dependent on such repetition being unreasonable, and the company, like a common carrier, being unable to contract against liability for its own negligence, and the action being based upon the statute, and not upon contract between the parties.

PRACTICE.—*Immaterial Issue.*—Where a paragraph of answer in confession and avoidance is bad, and 'no demurrer thereto is filed, but issue is taken thereon, and, upon the trial, its allegations are proved to be true, it does not follow that the finding should be for the defendant, but such immaterial issue should be disregarded.

From the Dearborn Circuit Court.

*J. Schwartz* and *McDonald & Butler*, for appellant.

*F. Adkinson* and *G. M. Roberts*, for appellee.

WORDEN, J.—Complaint by the appellee against the appellant, in four paragraphs, to recover damages for alleged negligence on the part of the appellant, in failing to deliver to the plaintiff, within a reasonable time, a certain telegram.

Demurrer to each paragraph for want of sufficient facts overruled, and exception.

Answer, issue, trial by the court, finding and judgment for the plaintiff for the sum of two hundred and ten dollars, a motion for a new trial on the part of the defendant having been made and overruled. Exception.

The case made by the evidence was, in brief, this: The plaintiff lived in Aurora, Indiana, and his business was that of a steamboat pilot between Cincinnati and New Orleans. On December 17th, 1870, he was out of employment. A few days before that time, he had a conversation in Cincinnati, with A. J. Schenk, who was the owner and captain of the steamboat "Argosy," then plying upon the Ohio and Mississippi rivers, in reference to the employment of the plaintiff, by Schenk, as a pilot on said boat. On the day above named, John B. Evelyn, who was a pilot on the boat mentioned, under the direction of Schenk, sent, by the defendant's telegraphic line, the following dispatch to the plaintiff, from Cincinnati to Aurora, viz.:

"To Base Fenton, Aurora: Will you go on Argosy with me for one hundred and fifty dollars? Answer immediately.
"JOHN B. EVELYN."

This dispatch was received by the defendant at its office in Aurora, at about two o'clock P. M. on the day named, but was not delivered to the plaintiff until about nine o'clock on the evening of the same day.

The gist of the action was the alleged negligence of the defendant in failing to deliver the dispatch within a reasonable time. The boat "Argosy," which was then lying at Cincinnati, ready to start down the river, waited until between six and seven o'clock on that evening, to hear from the plaintiff, but not hearing from him, procured another pilot at Cincinnati, and started on her trip. Had the plaintiff got the dispatch in time, and answered it, the boat would have stopped for him at Aurora, and he would have been employed, not for that trip only, but for the season, if he suited. It was some time before the plaintiff found other employment.

The facts, so far as we can see, are well enough stated in each paragraph of the complaint. No objection is pointed out to the complaint, or either paragraph thereof, except that the alleged damages are too remote and speculative, and that there was no privity shown between the plaintiff and defendant. On the last point, we are referred to the case of *Playford* v. *The United Kingdom Electric Telegraph Company*, Law Rep., 4 Q. B. 706; S. C., Allen's Telegraph Cases, 437. If we are to regard the decision in the case referred to as the law applicable to this case, there was no valid cause of action shown in favor of the plaintiff against the defendant, either in the complaint or by the evidence. In that case, it was held that the obligation of a telegraph company to use due care and skill in the transmission of a telegram is one arising entirely out of the contract which is made for its transmission; and that the receiver of a telegram cannot maintain an action against the company to recover damages for negligence in the transmission, unless the sender in send-

ing it acted as his agent. But it seems to us that this may be too narrow a view of the question. A telegraph company, exercising corporate franchises, whose business it is to transmit and deliver messages, owes certain duties to the public; and among those duties is that of delivering, without unreasonable delay, messages which are thus transmitted. For a violation of that duty, the company, it would seem, ought to be responsible to the party injured. See note to the case cited in Allen.

But however this may be in the absence of any statute on the subject, we have the following provision: "Telegraph companies shall be liable for special damages occasioned by failure or negligence of their operators or servants, in receiving, copying, transmitting or delivering dispatches; or for the disclosure of the contents of any private dispatch to any person other than to him to whom it was addressed or his agent." 1 G. & H. 611, sec. 2.

This section is clearly broad enough to authorize a person to whom a dispatch is sent to recover, in a proper case, though the relation of contractors does not exist between him and the company.

With regard to the damages, they are neither remote nor speculative. We gather from the evidence that the plaintiff would have realized from the employment at least one hundred and fifty dollars per month; and it is clear that, but for the alleged negligence of the defendant in failing to deliver the dispatch in a reasonable time, he would have obtained the employment. His failure to receive the employment was the direct result of the delay in delivering the dispatch.

There was evidence tending to show negligence on the part of the company in not delivering the dispatch at an earlier hour. The dispatch might, for aught that appears, have been delivered to the plaintiff within say half an hour or less from the time it was received at the defendant's office at Aurora, and it seems to us that no diligent effort was made to find and deliver to him the dispatch. We cannot,

in view of the well-established practice, disturb the finding below on this point.

The damages are claimed to have been excessive. We, however, are of opinion that the evidence fairly justified the amount found. Evidence was offered for the purpose of showing that the failure of the plaintiff to receive the dispatch sooner was the consequence of his own negligence; but upon this point it was conflicting, and the finding cannot be disturbed.

There remains another point to be considered. The defendant, in the third paragraph of answer, alleged, in substance, that the dispatch was sent under stipulations, agreed to by said Evelyn, providing, amongst other things, for repeating messages at one-half the usual rates in addition, and that the company should not be liable for mistakes or delays in the transmission or delivery of any unrepeated message beyond the amount received for sending the same; that Evelyn did not order the message repeated, or pay or offer to pay for repeating the same; that he paid the regular rates, forty-five cents; that the dispatch was duly received at the office of the defendant in Aurora in time for the plaintiff, had he called for it, to have answered it and obtained the employment; but that he did not call for it until nine o'clock, when he called and received it. The paragraph offers to confess judgment for the forty-five cents.

No demurrer was filed to this paragraph of answer, but it was traversed by a replication in denial; and, moreover, it was clearly proved to be true on the trial.

The answer was clearly bad, the facts therein alleged being no defence whatever to the action. The gist of the action, as we have already seen, was the negligence of the company in failing to deliver the dispatch. The object, as we suppose, of repeating a message is to prevent mistakes in the transmission. How the repetition of a message would conduce to its prompt delivery we do not see. *Western Union Telegraph Co.* v. *Graham*, 9 Am. Rep. 136.

But, aside from the unreasonableness of a contract by

which the prompt delivery of a message is made to depend upon its repetition at an additional expense, the defendant could not contract against liability for its own negligence. *Sweatland* v. *Ill. & Miss. Tel. Co.*, 27 Iowa, 433; S. C., 1 Am. Rep. 285; *The Western Union Telegraph Co.* v. *Buchanan*, 35 Ind. 429; *The Western Union Telegraph Co.* v. *Meek*, 49 Ind. 53.

We see no reason for any distinction between telegraph companies and common carriers of goods in this respect. See *The Michigan Southern & Northern Indiana R. R. Co.* v. *Heaton*, 37 Ind. 448.

There is another consideration in respect to the matter pleaded, which is not to be overlooked. The action, as we have seen, is based upon the statute, and not upon any contract between the parties. It would seem, in such case, that the contract between the sender of the message and the company could have no effect upon the rights of the party to whom the message is sent, the relation of principal and agent not existing between the parties from and to whom it is sent.

But it is claimed by counsel for the appellant that, conceding the paragraph of answer to have been bad, inasmuch as no demurrer was filed to it, but issue was taken on it, and it was proved to have been true in point of fact on the trial, the court should have found for the defendant, and, therefore, that a new trial should have been granted. The statute provides that " unless the objection " (to an answer) " be taken by demurrer, it shall be deemed to be waived." 2 G. & H. 92, sec. 64. And it is claimed that, as objections to the answer are deemed to be waived, it is to be regarded as good, and as it was proved to be true in point of fact, the defendant was entitled to a finding and judgment in its favor. The above provision of the code, however, is very much modified, if not completely abrogated, by a subsequent one, as follows : " Where upon the statements in the pleadings one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party." 2 G. & H. 218, sec. 372. If the two

sections cannot stand together, the latter must prevail over the former. Supposing the paragraph in question had been the only one pleaded to the complaint, thus confessing the complaint, but setting up matter in avoidance, that is no defence whatever to the action. Notwithstanding a verdict might have been found for the defendant on the issue joined on the answer, the plaintiff would have been entitled to judgment on the pleading, because his complaint would have stood confessed, and no valid matter set up in bar of it. This result, however, could not follow, if no objection could be urged to the answer, and if it is to be taken as conclusively good in point of law because no objection was made to it by demurrer. Now, if a verdict in favor of a defendant on an immaterial issue, thus tendered, would not entitle him to judgment, we think it could not be error on the part of the court trying the cause, as was evidently done in this case, to disregard the issue, and find for the plaintiff, although the immaterial facts thus alleged by the defendant might be proved. *Freitag* v. *Burke*, 45 Ind. 38.

The judgment below is affirmed, with costs.

## ON PETITION FOR A REHEARING.

WORDEN, J.—The appellant has filed a petition for a rehearing in this case, claiming, as we understand the petition, that the statute referred to in the principal opinion, making telegraph companies liable for damages occasioned by failure or negligence in certain cases, can have no application in this case, inasmuch as the dispatch in this case was sent from Ohio, another jurisdiction, in which our law can have no force.

If the failure of the company to deliver the dispatch had occurred in Ohio, the dispatch having been sent from one point to another in that State, it might be conceded that our statute would not control the case. But the negligence of the company occurred in Indiana, where the dispatch was received, at the point to which it was transmitted. The

company was guilty of no negligence in Ohio. The dispatch was duly transmitted from Ohio to the defendant's office at Aurora, Indiana, its point of destination. The negligence of the company consisted in her failure to promptly deliver the dispatch to the appellee after it had been thus transmitted to her office in Indiana. The statute, in our opinion, clearly applies to such case, whether the dispatch be sent from a point within or without the State.

Petition for a rehearing overruled.