. No. 12,777.

## THE WESTERN UNION TELEGRAPH COMPANY v. MC-KIBBEN. .

TELEGRAPH COMPANY.—*Repeal of Statute.*—Section 4177, R. S. 1881, making telegraph companies liable for special damages occasioned by a neglect of duty in respect to messages, was not repealed or affected by the act of April 8th, 1885 (Acts of 1885, p. 151), relating to telegraph and telephone companies.

SAME.—*Failure to Deliver Message.*—*Special Damages.*—*Contract.*—*Condition Requiring Claim to be Presented Within Sixty Days.*—A person to whom a message has been sent may maintain an action under section 4177, R. S. 1881, for the recovery of special damages caused by the failure of the telegraph company to deliver the message. He is not bound by the contract between the sender of the message and the company, and hence his failure to present his claim for damages within sixty days, as stipulated in the contract, is not a defence.

SAME.—*Agency.*— *Contributory Negligence.*—Where a person applies to a manufacturing company, doing business in another city, for a situation, and directs that in the event of a vacancy he shall be notified at the place of his residence, the agent of the company, who sends a message to him offering a situation, can not, without more, be regarded as his agent, and the neglect of the sender to give further information to the telegraph company, after an ineffectual effort to deliver the message, is not a defence to an action, by the person to whom the message was sent, for damages. .

SAME.—*Delivery of Message.*—*Ineffectual Search.*—Where the complaint in such case alleges that the person to whom the message was sent had resided within one mile of the receiving telegraph office, in the same house, for six years, when the message came to the receiving office, the mere fact that the messenger of the telegraph company made ineffectual search and inquiry for him is not a defence.

SAME.—*Measure of Damages.*—*Instruction to Jury.*—In an action under section 4177, R. S. 1881, to recover damages for the loss of an offered situation, at two dollars per day, occasioned by the neglect of a telegraph company to deliver a message, an instruction that the measure of plaintiff's damages will be two dollars per day from the time the message was sent to the commencement of the action, excluding Sundays, and deducting money earned at other employment, or which might have been earned by the exercise of reasonable diligence in seeking other employ-

ment, is not harmful to the defendant, and, even if erroneous, is not available for the reversal of the judgment. NIBLACK, J., dissents.

From the Brown Circuit Court.

*J. E. McDonald, J. M. Butler, A. L. Mason, A. H. Snow* and *A. J. Beveridge,* for appellant.

*J. C. Orr,* for appellee.

HOWK, J.—This suit was commenced by appellee, Mc-Kibben, against the appellant, on the 11th day of April, 1885, in the Bartholomew Circuit Court. The object of the suit was to recover certain special damages, which appellee averred that he had sustained by and through the alleged negligence of appellant, its operators and servants, in failing to deliver a certain telegraphic dispatch or message. After the cause was put at issue, on appellant's application, the venue thereof was changed to the court below. There, the issues joined were tried by a jury, and a general verdict was returned for appellee, assessing his damages in the sum of $244.50. With their general verdict, the jury also returned into court their special findings on particular questions of fact, submitted to them by appellant under the direction of the court. Over appellant's motions for judgment in its favor on the special findings of the jury, notwithstanding their general verdict, and for a new trial, the court rendered judgment for appellee for his damages, assessed by the jury in their general verdict, and for his costs in this action expended.

In this court, errors are assigned by appellant which call in question the rulings of the trial court, in sustaining appellee's demurrers to the second, third and fourth paragraphs of its answer, and in overruling its motions to strike out parts of the deposition of William F. Thompson, and for a new trial, and, also, the sufficiency of the facts stated in appellee's complaint herein to constitute a cause of action.

In his complaint, appellee averred that appellant was a

telegraph company exercising the franchises of a corporation under the laws of this State, and had a line of telegraph wires extending from Terre Haute, in Vigo county, to Columbus, in Bartholomew county, in this State; that, on the 11th day of November, 1884, appellant was engaged in telegraphing for the public generally, and in receiving and transmitting, over such wires, of telegraphic messages for hire; that appellee was, by occupation or trade, a mechanical or steam engineer, and was wholly dependent upon his said trade and his labor thereat for the daily maintenance of himself and his family; that, on the day last named, and for a short time prior thereto, appellee was out of employment, and had applied to the Keyes Manufacturing Company, of Terre Haute, Indiana, then and there engaged in manufacturing, for employment as an engineer, but, at the time of his application to such company, no vacancy existed in the engineer's department of such factory, and he was not employed therein; that, thereupon, appellee requested of the agents of such manufacturing company that, when a vacancy should occur in the engineer's department thereof, he should be employed therein, and further requested such agents to notify him, when such company should want him, by a telegram to John M. Thompson, at Columbus, Indiana; that, thereupon, appellee made arrangements with said John M. Thompson that, in case he should receive any telegram from Terre Haute in reference to appellee, or to his employment by such company, said Thompson would find appellee and communicate to him the contents of such telegram.

And appellee further alleged that, on November 11th, 1884, a vacancy occurred in the engineer's department of such company's establishment; that one William F. Thompson, an employee and as the agent of such company, having full authority therein to employ appellee as an engineer in such factory, for and on behalf of such company, on the day last named, sent from appellant's office in Terre Haute, In-

diana, to said John M. Thompson, at Columbus, Indiana, for the use and benefit of. appellee, a telegraphic message of the terms and tenor following, to wit:

"TERRE HAUTE, IND., Nov. 11th, 1884.

"To John M. Thompson, Columbus, Ind.': Tell McKibben to come at once. Two dollars per day.

(Signed)·        "WM. F. THOMPSON."

And appellee averred that he was the same McKibben mentioned in such telegram, which was in reference to his employment as an engineer by the Keyes Manufacturing Company, at and for the wages of two dollars per day; that such message was duly sent from Terre Haute, over appellant's wires, and arrived at its office in Columbus, Indiana, at about 2 o'clock P. M. of November 11th, 1884; that said John M. Thompson was then and, for six years preceding, had been a resident of such city of Columbus, and, during· all of such six years, had resided in the same house and location in such city, and within one mile of appellant's office or station therein; and that said John M. Thompson was at home on that day, and was easily accessible to appellant's agents at Columbus, for the purpose of the delivering of the aforesaid telegram.

But the appellee averred that, notwithstanding the facts aforesaid, appellant and its agents and employees in charge of its office and business at Columbus negligently failed and refused to deliver such telegram to said John M. Thompson on said day, or to make any proper inquiries and search for said John M. Thompson or his place of residence, and negligently permitted such telegram to lie in appellant's office at Columbus, and wholly failed, neglected and refused to deliver such telegram to said John M. Thompson, or to any one else; that if appellant had promptly delivered such message to said John M. Thompson, as it might and ought to have done, he would have promptly communicated the contents thereof to appellee, who would have gone at once to Terre Haute and accepted the situation so offered by the Keyes Manu-

facturing Company at the wages mentioned in such telegram; that said company held such situation open for appellee for about forty-eight hours after sending such message; and appellee having failed to arrive at Terre Haute to take such situation, said company had not since a vacancy in its establishment wherein appellee could be engaged; that appellee was a competent engineer, and would have given satisfaction to such company had he been employed thereby; that, by reason of appellant's negligence in failing to deliver such telegram as aforesaid, appellee was and had been deprived of employment in the situation aforesaid from November 11th, 1884, until the commencement of this suit, and had been during such time out of employment of any kind, although, during all of such time, he had made diligent efforts to obtain employment in his trade or occupation, and to obtain work at anything; that, by reason of such negligence of appellant, appellee had lost the $2 per day which he would have obtained in the employment offered him by such manufacturing company for 160 days, and had lost the opportunity for permanent employment, which would have been given him in such situation by the Keyes Manufacturing Company. By reason of all which, appellee had been and was damaged in the sum of $500, which was due and unpaid. Wherefore, etc.

The first error complained of here by appellant's learned counsel is the sustaining of appellee's demurrer to the second paragraph of answer.

In this paragraph of answer, appellant alleged that the telegraphic message mentioned in appellee's complaint was delivered to appellant's agent at its office in the city of Terre Haute, Indiana, on the 11th day of November, 1884; that such message, when delivered to appellant for transmission, was written upon one of its message blanks provided for that purpose; that the terms and conditions upon which appellant agreed and undertook to transmit such message were printed upon such message blank, and the sender of such message

agreed to such terms and conditions subject to which such message was to be transmitted; that the terms and conditions upon which appellant undertook the transmission of such message were in the words and figures following: Here are set out such "terms and conditions," all of which we omit except the following, namely · "The company will not be liable in any case for damages where the claim is not presented in writing within sixty days after sending the message."

And appellant averred that no claim for the damages alleged in appellee's complaint, nor for any damages growing out of the non-delivery, as averred, of the aforesaid telegram, was presented to appellant in writing within sixty days after sending such message, as provided for in such terms and conditions printed on such message blank, and agreed to by the sender. Wherefore, etc.

It is earnestly contended on behalf of appellant that the facts stated in the second paragraph of its answer, and admitted to be true by the demurrer thereto, are amply sufficient to bring appellee's case within the decisions of this court in *Western Union Tel. Co.* v. *Meredith,* 95 Ind. 93, and *Western Union Tel. Co.* v. *Jones,* 95 Ind. 228 (48 Am. R. 713), and to bar his right of recovery herein. In each of these cases it was held, substantially, that a telegraph company might reasonably limit its liability to the sender of a message by an express contract, and that a limitation of sixty days for the presentation of claims is a reasonable one.

Our statute, in force since May 6th, 1853, provides as follows: "Telegraph companies shall be liable for special damages occasioned by failure or negligence of their operators or servants, in receiving, copying, transmitting, or delivering dispatches," etc. Section 4177, R. S. 1881.

In considering this section of the statute, it was held by this court, in *Western Union Tel. Co.* v. *Fenton,* 52 Ind. 1, that the section is clearly broad enough to authorize a person to whom a dispatch is sent to recover, in a proper case, al-

though the relation of contractors does not exist between him and the company. In the case cited it appeared that a dispatch was sent to the plaintiff, Fenton, under stipulations agreed to by the sender, one Evelyn, providing for repeating messages at half-rates in addition, and that the company should not be liable for mistakes or delays in the transmission or delivery of any unrepeated message beyond the amount received for sending the same. It appeared further that the sender, Evelyn, did not order the repeating of the message, nor pay, or offer to pay, for repeating it, but paid merely the regular rates.

It was there held that the statutory provisions above quoted were " clearly broad enough to authorize a person to whom a dispatch is sent to recover, in a proper case, though the relation of contractors does not exist between him and the company." The court there said: "A telegraph company, exercising corporate franchises, whose business it is to transmit and deliver messages, owes certain duties to the public; and among those duties is that of delivering, without unreasonable delay, messages which are thus transmitted. For a violation of that duty, the company, it would seem, ought to be responsible to the party injured."

With respect to the stipulation providing for repeating messages at half-rates in addition, and that the company should not be liable for delays in the delivery of any unrepeated message beyond the amount it received for sending the same, it was further held by this court, in the same case, (1) that the stipulation was unreasonable, as it was not apparent how the repetition of a message would conduce to its prompt delivery, (2) that the company could not contract against liability for its own negligence, and (3) that the action was based upon the statute, and not upon any contract between the parties.

The same doctrine, at least to the extent that the person to whom a dispatch was sent may maintain an action against the company based upon the provisions of section 4177, *su-*

*pra*, for the recovery of special damages, without regard to the stipulations in the contract between the sender of the message and the company, has been recognized and approved in several other decisions of this court. *Western Union Tel. Co.* v. *Meek*, 49 Ind. 53 ; *Western Union Tel. Co.* v. *Hopkins*, 49 Ind. 223 ; *Western Union Tel. Co.* v. *Pendleton*, 95 Ind. 12 (48 Am. R. 692).

In the case last cited, the court said : " The English cases deny that the person to whom the message is sent can maintain an action for damages against the company, for the reason that there is no privity of contract. *Dickson* v. *Reuter's Tel. Co.*, L. R., 2 C. P. D. 62 ; *Playford* v. *U. K. Tel. Co.*, L. R., 4 Q. B. 706. The American cases, however, take a different view of the subject, for they hold that if the error occurs in transmitting the message, the person to whom the message is sent may maintain an action for damages, but, while this is held, it is conceded that the holding constitutes an exception to the general rule." *Western Union Tel. Co.* v. *Blanchard*, 68 Ga. 299 (45 Am. R. 480, and note, p. 486).

In the case in hand, appellee's action is founded upon the provisions of section 4177, above quoted, and the facts of the case are very similar to those in *Western Union Tel. Co.* v. *Fenton*, *supra*. We are of opinion, therefore, that appellee was not bound or affected by the stipulation in the contract between the company and the sender of the message, and that the demurrer to the second paragraph of appellant's answer was, for this reason, correctly sustained. In this connection, we may properly remark that section 4177, *supra*, in force since May 6th, 1853, is not repealed or in any manner affected by any of the provisions of the act of April 8th, 1885, entitled "An act prescribing certain duties of telegraph and telephone companies, prohibiting discrimination between patrons, providing penalties therefor, and declaring an emergency." Acts of 1885, pp. 151 and 152.

Appellant next complains in argument of the sustaining of appellee's demurrer to the third paragraph of its answer.

In this paragraph, appellant alleged that the message mentioned in appellee's complaint was delivered to its agent at its office in the city of Terre Haute at two o'clock P. M. of the 11th day of November, 1884, and was transmitted from thence promptly and without delay, and in the order of time in which it was received, to the city of Columbus, Indiana, the place of its address; that immediately on the receipt of such message, appellant's agent at said city of Columbus copied and enclosed the same in one of its envelopes and sent it out for delivery to the person to whom it was addressed, by appellant's messenger-boy employed for that purpose, promptly and without delay and in its regular order; that neither appellant's agent nor its messenger was acquainted with said John M. Thompson, to whom the message was addressed, nor with his place of residence, and that said messenger inquired at all the hotels and at the post-office, and of persons on the streets in such city of Columbus, as to the whereabouts and residence of said John M. Thompson, but could get no information either as to his whereabouts or place of residence; that, failing to find said Thompson, said messenger returned to appellant's office in such city of Columbus with said message, and reported to such agent at said office that he could not find said Thompson; that appellant's agent again sent said messenger out to deliver said message, with instructions to deliver it to McKibben, the party mentioned in the message, if he could be found; that said messenger was unable to find either Thompson or McKibben, and returned to appellant's said office with said message, having made diligent search for said parties and having failed to find either of them.

Appellant further averred that, having failed to deliver said message to said John M. Thompson, its agent at such city of Columbus, on the evening of November 11th, 1884, sent an office message to such city of Terre Haute, notifying appellant's said agent that said Thompson could not be found and that said message was undelivered; that, upon the fol-

lowing day, to wit, November 12th, 1884, appellant's agent at such city of Terre Haute notified W. F. Thompson, the sender of said message, that said John M. Thompson could not be found at Columbus, and that the message had not been delivered; that said W. F. Thompson gave no further or better instructions as to how said message could be delivered, and gave no other or better address of said John M. Thompson at such city of Columbus to appellant's said agent; that said W. F. Thompson knew that said message was not delivered to said John M. Thompson, and that said McKibben had not been notified, by means of said telegram, of the contents thereof; that, at the time of being notified by appellant's said agent of the non-delivery of said message, the said W. F. Thompson assented to appellant's action in not delivering said message, and said it was all right, and paid appellant its charges for sending said message. Wherefore, etc.

We are of opinion that the facts stated by appellant, in this third paragraph of its answer, were and are wholly insufficient to constitute a valid defence to appellee's action, unless it can be correctly said that W. F. Thompson, the sender of the message mentioned in the complaint, was at the time the agent merely of appellee, McKibben, and acted for him and by his procurement, and not as the agent and by the authority and direction of the Keyes Manufacturing Company, in sending such message. This, indeed, is the theory of appellant's learned counsel in discussing the alleged sufficiency of the third paragraph of answer, namely: "That the sender of the message acted as the agent of the plaintiff and under his directions in sending the same, and that, therefore, when the sender of the message refused to give a further or better address, that failure was the failure of the plaintiff himself, and the plaintiff, through the act of his agent, became a contributor to the negligence, if such there was, which caused the non-delivery of the telegram."

If appellant had averred, as it might easily have done if

the facts would have warranted the averment, in the third paragraph of its answer, that W. F. Thompson, "the sender of the message, acted as the agent of the plaintiff and under his directions in sending the same," its counsel would have had some foundation for their contention that, when W. F. Thompson failed or refused to give a further or better address for John M. Thompson than Columbus, Indiana, the failure or refusal was that of the plaintiff, and that he, through such failure or refusal of W. F. Thompson, became a contributor to the negligence which caused the non-delivery of the telegram to John M. Thompson. But the third paragraph of appellant's answer contained no such averment, and none from which it might be inferred even, by any fair rule of construction, that W. F. Thompson acted as the agent of the plaintiff and under his directions in sending the message mentioned in his complaint. Indeed, this much is virtually conceded by appellant's counsel in argument. "But (counsel say), under the averments of the complaint, nothing is plainer than that the sender of the message, William F. Thompson, acted as the agent of the plaintiff in sending the message."

We do not so understand the averments of the complaint. It is shown thereby that plaintiff applied to the Keyes Manufacturing Company for employment as an engineer, and was promised such employment when a vacancy might occur in the engineering department of the factory; and he left with the agents of that company the address of John M. Thompson, at Columbus, Indiana, as the person through whom the company or its agents might communicate with him when such vacancy should occur. It is nowhere averred in the complaint, in terms or in effect, that he had appointed W. F. Thompson his agent to send such telegram; but, on the contrary, it is expressly averred therein that William F. Thompson, "as the agent of such company, having full authority therein to employ plaintiff as an engineer in said factory for and on behalf of said company," sent the aforesaid telegram.

In the face of this allegation it can not be correctly said, we think, that, under the averments of the complaint, "the sender of the message, William F. Thompson, acted as the agent of the plaintiff in sending the message."

The averments of the third paragraph of answer, in relation to the search and inquiry for John M. Thompson by appellant's messenger-boy, are no sufficient answer, as it seems to us, to the uncontroverted fact stated in the complaint that said John M. Thompson had resided in the same house and location, in the town or city of Columbus, during all of six years preceding the 11th day of November, 1884. For the reasons given, we are of opinion that the court did not err in sustaining appellee's demurrer to the third paragraph of appellant's answer.

Appellant next complains of the sustaining of appellee's demurrer to the fourth paragraph of its answer. In this paragraph appellant alleged substantially the same facts as were pleaded by it in both the second and third paragraphs of its answer, and the additional fact "that the plaintiff himself, six days after the sending of the message, was notified of the fact that the message had been sent." What we have said, in considering separately the sufficiency of the second and third paragraphs of answer, disposes, also, of the error assigned upon the decision of the court in sustaining the demurrer to the fourth paragraph of answer. The consolidation of the facts stated in the second and third paragraphs in the fourth paragraph of answer does not make the latter paragraph a good defence to appellee's action, nor does the averment of the additional fact, above stated, make the answer good. For reasons already stated, the court committed no error, we think, in sustaining the demurrer to the fourth paragraph of answer.

Under the alleged error of the court in overruling appellant's motion for a new trial, the only question presented not already considered and decided, is the one of excessive dam-

ages. On this question the trial court instructed the jury as follows:

"The measure of plaintiff's damages, in the event you find for plaintiff, will be two dollars per day for the time which elapsed from the date of the sending of the message, to wit, November 11th, 1884, up to the date of the commencement of this action, excluding Sundays, and deducting therefrom any amount of money plaintiff has earned at other employment between the 11th day of November, 1884, and the date of the commencement of this action. It was the duty of plaintiff to make reasonable effort to secure other employment after failing to secure the position mentioned in the telegram; and you should deduct from any amount found due plaintiff, according to the above standard, such amount as you find that, by reasonable diligence, he might have earned."

It is manifest, we think, from the general verdict of the jury and their special findings of facts, that they assessed plaintiff's damages substantially in accordance with the rules stated in the foregoing instruction. Did the trial court err in giving such instruction? It may, perhaps, be subject to criticism, in that the rule laid down therein for the measure of plaintiff's damages would seem to be much better adapted to an action for the breach of an executory contract than to an action such as the one at bar, to recover damages for the wrongful negligence of the defendant. But while this is so, the instruction was more favorable to the appellant, we think, than it was entitled to upon the facts of this case, as shown by the evidence. It seems clear to us that the instruction quoted could not, and did not, harm the appellant, and, therefore, even if it were erroneous, it would not authorize the reversal of the judgment. The damages were not excessive. The evidence fully sustains the allegations of the complaint, the general verdict of the jury, and their special findings of fact.

The motion for a new trial was correctly overruled.

We have found no error in the record of this cause, which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

NIBLACK, J., dissents.

Filed Dec. 27, 1887; petition for a rehearing overruled May 16, 1888.

## DISSENTING OPINION.

NIBLACK, J.—I feel constrained to dissent in this case upon the ground that the instruction set out in the opinion does not, as I believe, state the law correctly as to the measure of damages in a case of the class to which this belongs. The action is based upon a statute, and not upon a contract. It is a demand for special damages for the failure of the appellant to perform a duty imposed by law. The damages in such a case are in the nature of an unliquidated penalty, and are, generally, more or less speculative as to the amount which ought to be assessed.

The elements which may enter into the question of damages must necessarily depend upon the facts of each particular case. No such general rules can, therefore, be prescribed for the measure of damages as are, and have been, in actions for a breach of contract.

The telegram which the appellant failed to deliver did not either offer or promise to employ the appellee for any definite time. The telegram, if delivered, might have proved to be of great value to the appellee, or of little or no value, dependent upon events thereafter to occur.

The instruction in question was given upon the evident theory that if the telegram had been delivered it would have at once fixed, and certainly continued, contractual relations between the appellee and the Keyes Manufacturing Company, of a definite money value to the appellee, and that, by its failure to deliver the telegram, the appellant had become responsible to the appellee for the value of the contractual relations which would have thus resulted to him.

The Cleveland, Columbus, Cincinnati and Indianapolis R'y Co. v. Wynant.

This I respectfully submit was an improper construction of the legal effect which a delivery of the telegram would have produced, and was the application of a rule for the measurement of damages known only in cases for a breach of contract to an action sounding in tort.

The case of *Western Union Tel. Co.* v. *Fenton,* 52 Ind. 1, a case brought under a statute similar to that on which this action is based, does not, as I read it, lend any support to the instruction under discussion. The only question there made upon the damages, arose upon the evidence, and the only ruling upon the points presented was that the damages were neither remote nor wholly speculative. Nothing was there decided, or even intimated, as to the proper measure of damages in such a case.

I can not, therefore, resist the impression that the appellant has good cause to complain of the instruction, and that, for that reason, the judgment ought to be reversed.

Filed Dec. 27, 1887.