No. 688.

## The Western Union Telegraph Company v. Eskridge.

TELEGRAPH COMPANY.—*Failure to Promptly Deliver Telegram.*—*Damages.*—*Sufficiency of Complaint.*—*Telegram Announcing Serious Illness.*—In an action for damages for failure to promptly deliver a telegram announcing the serious illness and doubtful recovery of a person, by reason of which negligence the addressee was prevented from going to the afflicted person until after her death, the complaint was sufficient which alleged, among other things, that by reason of defendant's negligence, she was prevented from going,

and that had the message been delivered promptly she would have been able to have gone; such allegations being sufficient to show an intent and desire on her part to go, had she received the message promptly.

SAME.—*Telegram.*—*Necessity for Urgency.*—*Notice of to Company.*—In such case, the contents of the message itself was notice to the defendant of the reasonable necessity for the sending of the same, and for urgency both in its transmission and delivery, even though the contract was made on Sunday.

SAME.—*Telegram.*—*Urgency.*—*Notice.*—*Question of Law.*—*Practice.*—In such case, since the message itself showed conclusively a necessity for its prompt transmission and delivery, and that defendant had notice thereof, the court might have declared thereon as a matter of law, but of the submission of such questions to the jury the company can not complain.

PLEADING.—*Sufficiency of Complaint.*—*Action on Contract Executed on Sunday.*—*Voidable.*—*Can Only be Met by Answer.*—*Demurrer.*—A demurrer to a complaint on a contract which on its face is regular and lawful, except that it shows it to have been executed on Sunday, will not make the pleading bad, because it is merely voidable, and advantage can be taken of it only by answer.

From the Monroe Circuit Court.

*J. M. Butler, A. H. Snow* and *J. M. Butler, Jr.,* for appellant.

*W. H. East,* for appellee.

Ross, J.—This action was brought by the appellee, against the appellant, to recover damages alleged to have accrued by reason of a failure on appellant's part to promptly deliver a telegraph message.

The material allegations of the complaint are, in substance, as follows:

That on the 13th day of September, 1891, the defendant was a corporation duly and legally organized, and owned and operated a line of telegraph from Indianapolis, Ind., to Bloomington, Ind., and were engaged for hire in transmitting telegraphic messages for the public between said points; that at 11 o'clock in the forenoon of

said day one Wright delivered to the defendant's agent at Indianapolis, to be transmitted to plaintiff at Bloomington, the following telegram:

"*Mrs. Bell Eskridge, Bloomington, Indiana:*

"Mrs. Minks is bad sick.    Recovery doubtful.

"C. E. WRIGHT."

That said message was to inform the plaintiff that Mrs. Minks, who was plaintiff's mother, was dangerously sick, and that defendant undertook to transmit and deliver the same, for which plaintiff paid defendant twenty-five cents; that the defendant carelessly and negligently failed to deliver said message for more than fifteen hours after the same was received, and did not deliver it until 9 o'clock A. M., of September 14th, 1891; that she lived within a mile of defendant's office in Bloomington, and her place of residence was well known to the defendant's agents; that her mother died at 8 o'clock on the morning of September 14th, and that by reason of the defendant's negligence in the delivery of the message she was prevented from going to Indianapolis and from seeing her mother before she died, which she would have been able to do had the message been delivered to her promptly.

It is also averred that the transmission and delivery of the message was a matter of necessity.

A demurrer for want of facts was filed to the complaint and overruled, and the defendant thereupon filed its answer in two paragraphs.

The first is a general denial and the second is a special answer setting up that the 13th day of September, 1891, was the first day of the week, commonly called Sunday; that said day was not a regular business day on which it undertook to transmit messages, but that during certain hours its office at Bloomington, the destination of the message, was open to receive and transmit messages; that as soon as the office at Bloomington was opened on

said day, at about 6 o'clock P. M., the message was received, and that the "agent made an effort to find the residence of said plaintiff to deliver said message, but could not"; that plaintiff was not known in Bloomington, as she had but recently moved into the house where she was then residing, and that a messenger boy of defendant's made inquiries of several citizens who were well acquainted in Bloomington, "and could not hear of any such person; that early the next morning said messenger boy again started out on said search and finally found a person who knew the street on which said plaintiff resided, and by diligent inquiry found said plaintiff and delivered said message."

A demurrer was filed to the second paragraph of answer, and overruled. .The plaintiff then filed a reply of general denial. Trial by jury and verdict for plaintiff. Motions made by defendant for a new trial and in arrest of judgment, and overruled and judgment on the verdict.

The first, second, and fourth assignments of error relate to, and call in question, the sufficiency of the complaint.

The appellant insists that "the court below erred in rendering judgment for the appellee, because the amended complaint is insufficient in law, in that it does not contain an allegation that the complainant desired to go to her mother before her mother's death, and would have done so had it not been for the alleged delay in delivering the message."

True, the complaint does not allege, in direct terms, that if the appellant had been prompt in the delivery of the message appellee would have gone to see her mother, but the allegations are clear and unmistakable, that by reason of appellant's negligence she was prevented from going. It is impossible to perceive how a

person can be prevented from doing an act which he or she did not intend or was not going to do.

The allegation that the negligent omissions of the appellant prevented the appellee from going to see her mother, and the further allegation that had the message been delivered promptly she would have been able to have gone, are sufficient to show an intent and desire on her part to go, had she received the message promptly.

Again appellant says that the complaint is defective because "it shows on its face that the message in question was sent on Sunday," and because there was no allegations that a reasonable necessity existed for sending the message, or that the appellant had notice of such necessity.

The complaint contains no allegation that September 13th, 1891, the day the appellant accepted and undertook to transmit the message, was Sunday; but courts take judicial notice of the days of the month and of the week. *Williamson* v. *Brandenberg*, 6 Ind. App. 97; *Chrisman* v. *Tuttle*, 59 Ind. 155; *Swales* v. *Grubbs*, 126 Ind. 106.

It is settled by the decisions of the Supreme Court of this State and the decisions of this court, that a contract made on Sunday, which is not a work of charity or of necessity, is voidable. *Love* v. *Wells*, 25 Ind. 503; *Catlett* v. *Trustees, etc.*, 62 Ind. 365; *Bryan* v. *Watson*, 127 Ind. 42; *Williamson* v. *Brandenberg, supra.*

Under the common law, a contract made on Sunday was as binding between the parties as if made on a secular day, but in this State they are made non-enforceable by force of a statute, and a party to the contract may take advantage of the statute and avoid his contract. Such contracts are not void but voidable. A demurrer to a complaint on a contract which on its face is regular and lawful, except that it shows it to have been ex-

ecuted on Sunday, will not make the pleading bad, because it is merely voidable, and advantage can be taken of it only by answer. *Heavenridge* v. *Mondy*, 34 Ind. 28.

We can not agree with counsel that the complaint contains no allegations showing "a reasonable necessity for sending the message, or that the appellant had notice of such necessity." The contents of the message itself was notice to the appellant of the necessity for urgency, both in its transmission and delivery. It conveyed to the appellee the information that her mother was very sick and her recovery doubtful, which was almost equivalent to saying that she was dying. Any person of ordinary understanding could not well mistake its meaning or the intention which prompted the sending of it. The appellant could not transmit it without knowledge of the information it conveyed.

In the case of *Reese* v. *Western Union Telegraph Co.*, 123 Ind. 294 (300), the court says: "Of its important character the agents of the company at Jamestown and Crawfordsville had knowledge, for the reason that this information appeared on the face of the telegram. It was a message which denoted urgency for its delivery to the person to whom addressed, and of this fact the appellee had notice, and contracted with reference to it. * * * It is true, there was nothing in the telegram to indicate the kinship that existed between the appellant and the person to whom the message was addressed; nor did it request the presence of Mr. Clements, or his wife, at the bedside of the dangerously sick sister-in-law, but this affords no excuse to the appellee for its failure to deliver the telegram. The appellee was bound to know that the message pertained in some way to the serious illness of the appellant's wife, and therefore that prompt communication to the person to whom the message was addressed was much desired, and especially so

in view of the additional fact that the appellant under-took to communicate. by a telegraphic dispatch.''

In addition to the message, which is set out in full in the complaint, there appears also the following allega-tion, viz: ''That said message was to inform this plain-tiff that her mother was dangerously sick, and that the sending and delivery of said message was a work of ne-cessity, and that the defendant knew that it was such work of necessity when it undertook to transmit and de-liver said message.'' The force of these allegations can not be mistaken.

The complaint, in so far as any defects have been pointed out, is sufficient.

The third error assigned relates to the action of the court in overruling the motion for a new trial.

Many reasons were assigned in the motion, calling in question the sufficiency of the evidence to sustain the verdict, the admission of evidence, the giving and the refusal to give instructions, and the amount of the dam-ages assessed.

The appellant's contention that a new trial should have been granted because the court, in the fourth in-struction, left it to the jury to determine from the evi-dence whether or not there was any necessity shown for the prompt transmission and delivery of the message, and whether the appellant had notice of such necessity, rather than the court should construe the evidence and determine the necessity. When the evidence is of such a character as that there can be but one conclusion log-ically deducible from it, the court may, as a matter of law, construe it, but when different conclusions are de-ducible from it, the court must submit the question to the jury.

In this case, having decided that the message itself showed conclusively a necessity for its prompt transmis-

sion and delivery, and that the appellant knew of such necessity from the contents of the message itself; it follows, therefore, that the court below might have declared, as a matter of law, that a necessity existed and that the appellant had notice of it, but the court having concluded to submit the question to the jury, thus giving the appellant the benefit of the jury's possibly deciding that no necessity existed or that it had no notice of such necessity, did not injure the appellant. On the contrary, it gave the appellant an advantage. It was, if anything, a wrong committed in favor of the appellant, and it is settled beyond all controversy that a man can not take advantage of his own wrong. No error was committed in the giving of instructions.

Instruction No. 1, which appellant asked the court to give, did not apply to the facts in this case, hence there could be no error in refusing to give it.

Instruction No. 3, which appellant asked the court to give, and which it now contends the court refused to give, although copied in the record, fails to show either that it was given or refused. It is incumbent upon the appellant to show, by the record itself, that the court below has committed an error, for every reasonable presumption will be indulged in favor of the correctness of the rulings of the lower court.

It is contended, by appellant's counsel, that the evidence is insufficient to support the verdict, because it shows that appellant's messenger boy, immediately upon the receipt of the message at 6 o'clock in the evening of the thirteenth, started out to find the appellee to deliver the message, and that he continued his search "until long after 6:30 o'clock, which was the end of office hours for Sunday."

An examination of the evidence fails to show how long the messenger boy continued his search for the appellee,

and whether or not the efforts he made to find her were commensurate with the exigencies of the case, was a question to be determined by the jury trying the case, and will not be reviewed by this court.

There seems to have been evidence to support every material question necessary to uphold the verdict of the jury, and, where such is the case, it is not subject to review by this court on appeal. This court will weigh the evidence only in case there is an entire absence of evidence to support some issue without which a judgment could not stand. That is not this case.

As the question of excessive damages has been so fully discussed and clearly decided against the appellant in the case of *Reese v. Western Union Tel. Co., supra,* we deem it unnecessary to discuss the question further.

Judgment affirmed.

Filed Jan. 31, 1893; petition for a rehearing overruled June 24, 1893.