No. 993.

## THE WESTERN UNION TELEGRAPH COMPANY *v.* CLINE.

TELEGRAPH COMPANY.—*Telegram.*—*Liability of Company for Mental Suffering Caused by Its Negligence.*—A recovery may be had for the mental anguish and suffering caused by negligence in transmission and delivery of a telegram, although no pecuniary loss other than the cost of the message be shown.

SAME.— *Gist of Action.*— *Secondary Evidence.*— *Telegram.*—*Duty of Jury.*—In an action against a telegraph company for failure to transmit and deliver a telegram with due diligence, the negligence in transmission and delivery, and not the message, is the foundation of the action; and when some evidence of the terms of the original message is given without objection, the original not being in evidence, it is the duty of the jury to weigh the evidence, such as it was, and the court can not remove this duty by instructing them to return a verdict for the defendant.

From the Monroe Circuit Court.

*J. H. Louden* and *T. J. Louden*, for appellant.
*J. R. East* and *R. G. Miller*, for appellee.

LOTZ, J.—This action was commenced by the appellee to recover damages for the alleged failure of the appellant to transmit and deliver to appellee, within a reasonable time, a telegraph message sent by one John Evans, of Spencer, Ind., directed to the appellee, at Bloomington, Ind.

The message was in these words: "Joe Cline. Come at once. Mother is dying." A demurrer was overruled to the complaint. This is the first error assigned. An examination of the complaint shows it to be sufficient to withstand the demurrer. Issues of fact were joined and tried by a jury, which returned a verdict for appellee in the sum of $125. A motion for a new trial was made by appellant, which was overruled. This is the only other error assigned.

Appellant insists that there is a total failure in the evidence to show that the appellee sustained any damages. It was averred, and conceded on the trial, that the person referred to in the message as dying was the mother-in-law of the appellee, and there was evidence tending to show that if the message had been transmitted and delivered promptly, the appellee and the members of his family might have been present at the time of her death, and that by reason of the delay they were prevented from being present. It is settled by the decisions in this State that there may be a recovery for mental anguish and suffering, although no pecuniary loss other than the cost of the message be shown. *Western Union Tel. Co.* v. *Newhouse*, 6 Ind. App. 422, 33 N. E. Rep. 800; *Western Union Tel. Co.* v. *Eskridge*, 7 Ind. App. 208, 33, N. E. Rep. 238; *Western Union Tel. Co.* v. *Stratemeier*, 6 Ind. App. 125, 32 N. E. Rep. 871; *Reese* v. *Western Union Tel. Co.*, 123 Ind. 294; *Renihan* v. *Wright*, 125 Ind. 536.

Counsel for appellant strenuously insist that the evidence shows that the message was delivered to its agent at Spencer at 7:35 P. M., and that the agent informed the sender that it would have to be sent by way of Indianapolis and Louisville, and that the office would close at Bloomington at 8 P. M., and that it could not, in the usual course of business, transmit the message before the closing hour of its office at Bloomington. If this were the undisputed evidence in the case, the position would be well taken, but we have examined the evidence on this point and find it conflicting. We must decline to weigh it.

It is next insisted that the original message delivered to appellant's agent at Spencer was not given in evidence, nor was its absence properly accounted for. The agent at Spencer to whom the message was delivered was

a witness for appellant on the trial, and on his cross-examination he gave the contents of the message delivered to him, without objection. There was also parol evidence of the contents of the message received at Bloomington. The appellant asked the trial court to instruct the jury that, as the original message had not been introduced in evidence, nor accounted for in any way, it should return a verdict for the defendant. The court refused to give this instruction, and this refusal is one of the causes assigned for a new trial. The instruction asked proceeds upon the theory that in the absence of the original, or properly accounting for it, there is a total failure of proof on a material question, and a recovery can not be had. There was some evidence of the terms of the original message given to the jury without objection. This being true, the court would have no right to direct a verdict for the defendant.

It was the duty of the jury to weigh the evidence, such as it was, and the court had no right to take from them this duty. The best evidence should always be produced if possible, before secondary evidence is allowed, but if secondary evidence is given without objection, it is to be considered and weighed by the jury as any other evidence.

The message is not the foundation of this action. The failure to transmit and deliver within a reasonable time is the gist of the controversy. That a certain message was delivered for transmission was a substantive fact necessary to be proved, and the rule is, that when parol evidence is as near the fact testified to as the written, then each is primary. *Hewitt* v. *State*, 121 Ind. 245. There is no reversible error in the record.

Judgment affirmed, at costs of appellant.

Filed Nov. 28, 1893.