No. 1,753.

## WESTERN UNION TELEGRAPH COMPANY *v.* CAIN.

TELEGRAPH COMPANY.—*Negligent Delay in Delivering.—Damages.—
Death of Relative.*—A delay of three days by a telegraph company
in delivering a message announcing the severe illness of the brother
of the sendee by reason of which the latter is prevented from reach-
ing such brother's residence until after his burial, renders it liable
for the injury caused thereby.

SAME.—*Negligent Delay.—Measure of Damages.*—The mere fact that
a person is required to spend $75 in going to a given place because
of a delay in delivering a telegram, does not entitle him to addi-
tional sum of $100 as damages.

SAME.—*Delivery.—Negligent Delay.—Measure of Damages.—Travel-
ing Expenses.*—Delay of a telegraph company in delivering a mes-
sage announcing the severe illness of the brother of the sendee pre-
venting him from reaching the brother's residence until after his
death and burial does not render the company liable for the ex-
·penses of such sendee in going to such residence.

From the Scott Circuit Court.

*C. L. Jewett* and *H. E. Jewett*, for appellant.

*G. F. Lawrence, O. Bundy* and *G. V. Cain*, for
appellee.

DAVIS, J.—This action is based on section 5513, R.
S. 1894.

The allegations of the complaint, in substance, so far
as necessary for the consideration of the questions which
we are required to determine, are, that on April 29,
1894, the appellee was a resident of Scottsburg, Indiana,
at which point the appellant maintained a telegraph
office; that on said day one Joseph L. Cain, a brother
of the appellee, was temporarily residing at Clear
Water, Florida, with one Holley, said Joseph L. Cain
being in poor health and having gone to Florida in the

hope of regaining his strength; that on said day said Holley sent a message to the appellee, which, omitting date, address and signature, reads as follows: "Your brother, Joseph L. Cain, took severe hemorrhage six this morning. Come at once;" that the message was received by the appellant at its office in Scottsburg between ten and eleven o'clock on said day; that the appellant knowing that the appellee was a resident of said town of Scottsburg, and being apprised of the necessity for prompt delivery of said message by reason of its contents, negligently failed to deliver the same to the appellee until May 2, 1894; that if said message had been delivered promptly upon its arrival at Scottsburg to the appellee he would have started immediately for Clearwater, Florida, and would have been there by Tuesday evening, May 1st.; that his brother died on the evening of April 30, 1894, and that by reason of the failure to deliver the telegram he was prevented from seeing his brother before his burial and was unable to see to the proper burial of his brother, whereby he suffered great mental anguish, etc.

There are other averments to the effect that he started to Florida on May 4th, and that when he arrived there he found his brother buried and that in making the trip he was at an expense of $125.00, and that he will be at a further expense of $500.00 in having the body of his brother exhumed and shipped home, etc.

Appellant's demurrer to the complaint was overruled.

On issue joined, there was a trial by a jury which returned a special verdict finding of the facts substantially as alleged in the complaint and that on account of his mental anguish he has sustained damages in the sum of $225.00, and that he "expended on said trip the sum of $75.00 to his great damage in the sum of $100.00," and

the jury assessed his damages at $400.00 in the event he was entitled to recover.

The appellant's motion for a new trial, in which one of the causes assigned is that the damages assessed by the jury are excessive, was overruled.

Other questions are presented by the record and assignment of errors.

The complaint so far as any objection thereto has been discussed is in our opinion sufficient. *Western Union Tel. Co.* v. *Newhouse*, 6 Ind. App. 422 ; *Western Union Tel. Co.* v. *Fenton*, 52 Ind. 1; *Western Union Tel. Co.* v. *McKibben*, 114 Ind. 511 ; *Reese* v. *Western Union Tel. Co.*, 123 Ind. 294 (7 L. R. A. 583); *Western Union Tel. Co.* v. *Eskridge*, 7 Ind. App. 208; *Western Union Tel. Co.* v. *Stratemeier*, 6 Ind. App. 125; *Western Union Tel. Co.* v. *Cline*, 8 Ind. App. 364; *Western Union Tel. Co.* v. *Moore*, 12 Ind. App. 136.

The damages are excessive. Assuming that appellee was entitled to recover $225.00 on account of mental anguish and $75.00 for expense, there is no basis for the remaining $100.00. We cannot see how the expenditure of $75.00 was to his damage in the additional sum of $100.00. In other words it is not apparent to us how the expenditure of $75.00 damaged him to the extent of $175.00. Furthermore, we are not advised on what theory he was entitled to recover anything on account of his trip to Florida. It is clear from the averments of the complaint that the negligence of appellant in the failure to deliver the message did not cause him to make the trip to Florida. The theory of the complaint was that if the message had been promptly delivered he would have made the trip at once and in time to have been present at the burial of his brother.

As a new trial will have to be granted for the reasons stated, it is not necessary to consider the sufficiency of the evidence, but we observe from reading the record that the evidence discloses that if the message had been promptly delivered at his office or hotel on Sunday, appellee would not have received it in time to have enabled him to reach Florida before the burial of his brother.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Filed January 9, 1896.